†JOHN LEDERER v. STATE OF OHIO.

1. HOTELS AND EATING HOUSES DEFINED.

That the words "regular hotels and eating houses," as used in section 8092 Rev. Stat. designate places, the principal and not the subordinate business of which is the carrying on of a hotel or an eating house.

2. LIQUORS DRANK AT TABLES THOUGH PAID FOR AT BAR, CONSTITUTES A SALE AT TABLES.

The evidence showed that the place kept by the defendant, and which he allowed to be open on Sunday was a large hall, (not a regular drug store), in which intoxicating liquors on other days of the week were sold and exposed for sale. The bar and beer counter both stood in such room in the usual way, and many tables stood in such room, at which persons were supplied with such liquors, ordered from the

†For common pleas decision, see 24 B. 153. Cited in Weaver v. Mt. Vernon (City)

waiters and paid for by them at the bar or beer counter, and supplied to the guests at the tables, who there paid the waiters therefor. Held, that this constituted a sale at the tables where the liquors were furnished and paid for.

3. ENCLOSING THE BAR WITH A LOW WIRE SCREEN DOES NOT SATISFY THE LAW.

On the Sunday in question a wire screen was placed on the top of the counter, around the bar in such room, four feet high, but not reaching to the ceiling. The beer counter was in no way separated from the other part of the hall in which it stood, but the beer pumps behind the same were covered by a box, and beer could not be drawn therefrom without removing the box therefrom, which box was kept locked. On this Sunday no person was behind the bar or counter, and no liquors were sold in such room, but the doors thereof were open to the public, and many persons came into the room and were served with other refreshments at such tables. This was a violation of the law, the room or part of the room in which liquors were on other days of the week sold, not being securely closed, but open.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The facts in this case, as shown by the bill of exceptions taken in the police court on the overruling of the motion of the defendant below for a new trial, are clearly and correctly stated by Buchwalter, J., in the decision rendered by him, in the case of Lederer v. State, prosecuted in the court of common pleas to reverse the judgment of the police court, which decision is reported in 10 Ohio, Dec R., 000, (s. c. 24 B., 153). Was the judgment of the court of common pleas affirming the judgment of the police court right?

While we concede that owing to the peculiar language of the statute on which the prosecution is based, the question is not free from doubt, we are of the opinion that the question should be answered in the affirmative. By sec. 8092-18, (S. & B.), Rev. Stat., it is first made unlawful for any person (except a regular druggist as therein provided), to sell intoxicating liquors on Sunday. It is then further provided that all places where such intoxicating liquors are, on other days of the week, sold or exposed for sale, (except regular drug stores), shall on that day be closed, and whoever allows any such place to be open, or remain open on that day, shall be punished as is therein provided. It then says that "in regular hotels and eating houses, the word place herein used, shall be held to mean the room or part of room where such liquors are usually sold or exposed for sale, and the keeping of such room or part of room securely closed shall be held as to such hotels and eating houses, as a closing of the place within the meaning of this act."

It is perfectly evident on the facts shown, that if the place of the defendant was not a regular eating house, or if the room or part of the room where such liquors were usually sold or exposed for sale was not on this Sunday "securely closed," the conviction of the defendant was right—for it is conceded that on all of the other days of the week, the defendant had habitually sold intoxicating liquors in this room, which could be procured and drank either at the bar, or be served at the fifty or more tables in such room by the employes of the defendant.

The first question which arises is, whether this establishment is a regular eating house, and is thus brought within the clause of the statute quoted; for in our opinion the word "regular" qualifies not only the word "hotels," but also the words "eating houses," and that it was the intention of the legislature by this language to designate places, the principal and not the subordinate business of which, was the carrying on of a hotel or eating house. And it is highly probable from the evidence, that the principal business carried on by the defendant at this place was that of a saloon for the sale of intoxicating liquors. It is so spoken of by almost every witness, though some also called it a restaurant and concert hall. It is true that lunches were served, and meals daily furnished at certain hours to those desiring them, and from a regular bill of fare; but it is evident from the testimony that this branch of the business was small in comparison with that of the retailing of intoxicating liquors at the bar and at the fifty or sixty tables

placed about the room, and that it might more appropriately be called a drinking rather than an eating house.

But if it be conceded that it does come within the meaning of the term "eating house," as used in the section, still we think the conviction of the defendant was right, on several grounds:

First—That the room, or part of the room, where the liquor was usually sold on other days, viz.: at the various tables placed in the hall, was not on this day closed at all, but was allowed by the defendant to be open, and occupied by such of the public as desired so to do, the only difference between this and other days, being that intoxicating liquors were not sold on this Sunday  That is, we are of the opinion that the ordering of beer and other liquors, as was habitually done at those tables by those desiring them, of the waiter in attendance, and the delivering of the liquor by such waiter to the customer at the table, and payment there for the same in the manner shown by the evidence constitutes a sale there —and it being conceded that the part of the room in which the tables were, was not closed at all, but freely open to the public, the offense was complete.

Second—But if the suggestion or contention of counsel for the plaintiff in error is correct, that the sale was in fact not made at the tables, but at the bar itself, and at the beer counter, and only to the waiters who presented the order and received the liquor for the customer, and paid for the same when delivered at the counter (which we think is not the case), the fact is that the beer counter in this room at which the waiter received and paid for the beer for the customers, was in no wise enclosed or separated from the main room.  It is true that on this day the beer pumps, as they are called, which stand behind the counter, and from which the beer is drawn, were not in use, having been enclosed in a sort of box, and the beer could not be drawn therefrom until this box was unlocked and taken off.  But this, we think, does not comply with the statute, and show that this part of the room where the beer on week days was sold, was securely closed, or closed at all.  So far as the other bar is concerned, the evidence shows that the other days of the week it was not in any way separated from the main room, except by the counter around it; but on this day, on the top of the counter was a wire screen four feet high, being with the counter eight feet high from the floor, but not reaching to the ceiling, and through which the bottles and other equipments of the bar were plainly visible; but no barkeeper was behind the counter, and no liquor was sold there on this day.  But in our view this was not a secure closing of this part of the room as required by the statute.  If the only sales of liquor at this establishment were made at the bar, (and not in other parts of the room as was the case), and the bar was in a wholly different room from the main hall, and such room entirely closed, or even if it was in the main hall, but on Sunday was in some manner "securely closed" from the other part of the room, this, we think, would be a substantial compliance with the statute in so far as "regular hotels and eating houses was concerned."  But in view of all of the facts shown by the record, we are of the opinion that the conviction of the defendant was not manifestly against the law and the evidence, and that the judgment of the court of common pleas, affirming the judgment of the police court, should be affirmed, with costs.

Moses F. Wilson, E. G. Hewitt, T. J. Cogan and F. F. Shay, for plaintiff in error.

P. J. Corcoran and W. L. Dickson, for defendant in error.