Voorhies *v.* Voorhies.

[Kings Special Term, March 28, 1857. *Birdseye*, Justice.]

―――――――――――

## Voorhies *vs.* Voorhies and others.

Before suit can be brought by an individual to recover the possession of lands conveyed by him during his infancy, he must make an entry upon the lands and execute a second deed to a third person; or do some other act of equal notoriety in disaffirmance of the first deed, such as demanding possession, or giving notice of an intention not to be bound by the first deed.

Under the present system of pleading, this act of disaffirmance must be averred in the complaint, and is necessary to be proved.

The conveyance of an infant will not be ratified by a bare recognition of it, or a silent acquiescence in it, for any time less than the period of statutory limitation.

If it appears from the complaint that the plaintiff has suffered twenty years after he arrived at his majority to pass by before bringing suit to recover possession

Voorhies *v.* Voorhies.

of land conveyed by him during infancy, *it seems* this is an objection to be taken advantage of by answer, and not by demurrer.

Where an infant conveys one tract of land by deed to one person, and another tract by a separate deed to another person, and the latter has granted portions of the land purchased by him to several purchasers, the infant, after becoming of age, cannot bring a joint action against both of his grantees and against the purchasers from one of such grantees, to recover possession of the premises.

DEMURRER to complaint. The complaint alleged that heretofore, to wit, about the year 1831, Jacobus I. Voorhies, of the town of Gravesend, Kings county, died intestate, leaving him surviving five children, viz. John I. Voorhies, Jacobus I. Voorhies, William Voorhies, Barnardus Voorhies and Stephen I. Voorhies, the plaintiff in this action, his only children and heirs at law. The plaintiff further alleged, that at the time of the decease of his father he was of the age of fifteen years " or *thereabouts,*" and as one of the heirs of his father, he was entitled to, and became possessed of, the one equal undivided fifth part of certain premises described in the complaint; that as such infant he had no guardian, and that on or about the first day of February, 1834, he, the plaintiff, being then young and inexperienced, of *about* the age of nineteen years, and having no guardian, or other person, to direct or advise him, he, in consideration of the sum of $2100, joined with his brothers in two separate deeds of conveyance, by which he conveyed to his brother Barnardus, one of the defendants, his one equal undivided fifth part of the premises described in the complaint as parcel No. 1, and to his brother William, another of the defendants, his one equal undivided fifth part of parcel No. 2, which said deeds were recorded in the register's office of the county of Kings, on the 8th of February, 1854. The plaintiff alleged that his share of the premises so conveyed was worth a great deal more than what he received, and as he was informed and believed his share of the said two parcels was worth at least the sum of $16,000. That Barnardus Voorhies was still in possession of said parcel No. 1, but that William Voorhies, the other grantee, had since sold portions of parcel No. 2 to John Vanderbilt, William Grevel, Jacobus I. Voorhies, Patrick McElroy

and James McIlvany, the other defendants. The plaintiff further alleged that he had not at any time since he arrived at majority confirmed the sale of either of said parcels of land nor made any disposition of said two parcels of land, nor any part thereof, other than the two deeds above mentioned. And that the defendants are now in possession of the said real estate, claiming title thereto or some interest therein or lien thereupon, but unlawfully, as he, the plaintiff, submitted and insisted, and that they, the said defendants, unlawfully withhold possession from the plaintiff. He therefore asked that the said conveyances might be declared to be null and void as against him, and that he might be put in possession of his one equal undivided fifth part of said two parcels of land, upon his bringing into court the amount received by him, to wit, the sum of $2100, with legal interest, and that the defendants might be adjudged to pay to him, the plaintiff, damages for the unlawful withholding of the same in the sum of $10,000 besides the costs of this action; and for such other and further relief, &c.

To this complaint the defendants William Voorhies and Barnardus Voorhies demurred, on the grounds, 1. That it did not state facts sufficient to constitute a cause of action against them, or either of them; and 2. That several causes of action were improperly united. The other defendants also joined in a demurrer, assigning the same causes of demurrer as those above mentioned.

*J. A. Lott,* for the defendants.

*H. B. Fenton,* for the plaintiff.

BIRDSEYE, J. The conveyances made by the plaintiff during his infancy were merely voidable, not void. Such is now the decided weight of authority. (*See Bool* v. *Mix,* 17 *Wend.* 119; *Dominick* v. *Michael,* 4 *Sandf.* 418; 1 *Parsons on Con.* 243, 4, *note e;* 275, *n. l.*) It is also clear that before suit can be brought for the recovery of the possession of lands conveyed in infancy, the party must make an entry upon the lands and exe-

cute a second deed to a third person, or do some other act of equal notoriety in disaffirmance of the first deed, such as de-' manding possession or giving notice of an intention not to be bound by the first deed, or an action cannot be maintained. (*Bool* v. *Mix, supra. Dominick* v. *Michael,* 4 *Sandf.* 420, 1.) In the latter case it was said, as seems to be clearly correct upon principle, that under the present system of pleading this act of disaffirmance must be averred, and is necessary to be proved. I think the want of this allegation makes the com-plaint fatally defective. The facts stated in the complaint show that the plaintiff's grantees have been in the undisturbed pos-session of the lands for upwards of twenty-two years. This pos-session has been *lawful.* Though the deeds were subject to avoidance after the plaintiff had attained full age, yet till such avoidance they were valid, and protected his grantees in the occupancy of the lands. It is unjust to permit their grantor to turn that lawful possession into a wrongful one, without any no-tice or demand whatever. Especially where, as in this case, it is averred that the plaintiff received and still keeps the full con-sideration for the land, as expressed in his deed, does it seem just that before commencing his action he should in some man-ner notify his grantee of his intention not to abide by the deed. It would seem now settled that the conveyances of an infant are not ratified by a bare recognition of them, or a silent acqui-escence in them, for any period less than the period of statutory limitation. (*Parsons on Cont.* 273, *n. i.*) The criticism of the defendants' counsel, that from the great looseness of the allega-tions of the complaint respecting the plaintiff's age, it may well be that the period of limitation had gone by, since the plaintiff became of age, is well taken. But though from the frame of the complaint it may be that the plaintiff had suffered twenty years of his majority to pass by, before bringing suit, still it may be otherwise. That fact is only left in doubt. It does not clearly appear either way. And if it did, I apprehend that it is an ob-jection to be taken advantage of by answer, and not by demurrer.

The second ground of demurrer is also well taken, I think. The infant conveyed one tract of land by one deed to one per-

son, and by a separate deed conveyed another tract to another person : the latter has granted portions of the land purchased by him to five other persons.    And the plaintiff now brings this action against both of his grantees, and against the five purchasers from one of those grantees.    The two conveyances were entirely separate and distinct.    There is no warrant for bringing one action to avoid them both together ; for the facts as to the ratification or avoidance of them might be equally distinct.  Whether or not one action could be maintained against the one grantee and the subsequent purchasers from him, on the ground that the suit is substantially for a *redemption* of the premises, and that all these parties are entitled to share in the consideration money to be paid back by the plaintiff, and must therefore be before the court, so that their rights to the money may be settled, I am of opinion that inasmuch as the deeds of the infant were distinct, one action cannot be maintained against both grantees to avoid the deeds and recover back the lands.

Judgment must be rendered for the defendants on the demurrer, with costs.    And, upon the facts of this case, it would seem that no leave to amend should be granted.    It would be unavailing.    And were not that so, the action is one that deserves no favor at the hands of the court.

