O'DONOHUE v. SMITH et al. (two cases).

KELLY v. SAME.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

1. INFANTS (§ 58*)—CONVEYANCES—DISAFFIRMANCE—SUIT TO SET ASIDE.

To maintain an action by a grantor to set aside a deed executed during infancy, there must be a disaffirmance after majority and before bringing the action; the basis of the cause of action to cancel an executed contract by an infant being his disaffirmance after his majority.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 152; Dec. Dig. § 58.*]

2. INFANTS (§ 57*)—EXECUTORY CONTRACTS—VALIDITY—AFFIRMANCE.

An executory contract executed by an infant does not become valid unless affirmed.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 139; Dec. Dig. § 57.*]

3. QUIETING TITLE (§ 12*)—ACTIONS—STATUTES.

An action in equity to remove a cloud on title will, as a general rule, lie only where plaintiff is in actual possession, because no action at law is then available, unless given by statute.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 8, 9; Dec. Dig. § 12.*]

4. QUIETING TITLE (§ 35*)—ACTIONS—PLEADING.

In an action in equity to remove a cloud on title by grantors seeking to set aside a deed conveying their undivided interest in remainder executed during their infancy brought after the death of the life tenant, the complaint must allege that plaintiffs are in possession, or must show who is in possession, or state specific reasons why equity should take jurisdiction.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 73, 74; Dec. Dig. § 35.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. QUIETING TITLE (§ 12*)—POSSESSION TO MAINTAIN ACTION.

Equity has jurisdiction of a suit by remaindermen brought during the lifetime of the life tenant to set aside a deed executed by them during their infancy because no possessory action can be maintained.

[Ed. Note.—For other cases, see Quieting Title, Dec. Dig. § 12.*]

6. EJECTMENT (§ 9*)—TITLE TO SUPPORT ACTION.

Persons holding only undivided interests in real estate may sue in ejectment.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 16–29; Dec. Dig. § 9.*]

7. LIMITATION OF ACTIONS (§ 72*)—INFANCY—CONVEYANCES—ACTIONS—SETTING ASIDE.

Code Civ. Proc. §§ 375, 396, providing that the disability of infancy shall be excluded from the time fixed for the commencement of. actions, except that the time cannot be extended more than 10 years after the removal of the disability, etc., apply only when the cause of action has accrued during infancy, and do not apply to an action to set aside a deed executed during infancy, since the cause of action therefor accrued only after the infant attained his majority.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 72.*]

8. INFANTS (§ 58*)—CONVEYANCES—DISAFFIRMANCE—TIME TO ELECT.

An infant executing a deed is not required to elect to disaffirm during infancy and so long as his infancy continues the incapacity to definitely confirm or disaffirm exists but he has until a reasonable time after majority to disaffirm.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 151; Dec. Dig. § 58.*]

9. INFANTS (§ 58*)—CONVEYANCES—DISAFFIRMANCE—TIME TO ELECT.

One executing a deed during infancy has after attaining his majority the full statutory period of 10 years prescribed by Code Civ. Proc. § 388, within which to disaffirm the deed.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 151; Dec. Dig. § 58.*]

10. LIMITATION OF ACTIONS (§ 44*)—INFANCY—CONVEYANCES—DISAFFIRMANCE—TIME TO ELECT.

Where one who executed a deed during infancy disaffirmed the conveyance within the statutory period of ten years after arriving at age, no limitation applies to an action by him to set aside the deed until claimants under the grantee take possession.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 44.*]

11. INFANTS (§ 58*)—CONVEYANCES—DISAFFIRMANCE—ELECTION.

One who within 10 years after attaining his majority brings an action to set aside a deed executed during his infancy thereby disaffirms the deed.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 156; Dec. Dig. § 58.*]

Houghton and Laughlin, JJ., dissenting in part.

Appeal from Special Term, New York County.

Actions by Thomas J. O'Donohue, Jr., and Mary L. Kelly and by John J. O'Donohue against Adele Smith and others as executors. From judgments of the Special Term (57 Misc. Rep. 448, 109 N. Y. Supp. 929), dismissing the complaint in each case, plaintiff in each case appeals. Modified and affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. Aplington, for appellants.

E. W. S. Johnston & Algernon S. Norton, for respondents.

SCOTT, J. In each of these actions the plaintiff asks a judgment annulling a deed made by him or her during infancy and without consideration. From a judgment dismissing the complaint upon the merits, each plaintiff appeals.

The actions arise upon identical facts, except the ages of the respective plaintiffs at the time the deeds attacked were executed. Hugh Smith died July 16, 1890, leaving a last will and testament, wherein after providing an amount of $1,200 per annum for his brother, Henry A. Smith, he gave a life estate in his whole property to his sister Catherine T. Smith, the estate, consisting, among other things, of two valuable pieces of real estate. Upon the death of his sister Catherine, he gave one half of his estate to his sister Margaret C. Smith, and the other half to the children of his deceased sister, Mary Ann Murphy, one of whom was Louisa A. O'Donohue, the mother of these plaintiffs. The gift to her was in the following words:

"I give, devise and bequeath one other equal undivided fifth part of the rest, residue and remainder of my estate unto my niece Louisa A. O'Donohue, wife of Thomas J. O'Donohue, to have and to hold unto her, her heirs and assigns forever, and if she should die before my said sister Catherine, then I give, devise and bequeath the one fifth part to the issue of the said Louisa to be equally divided between them share and share alike."

Louisa A. O'Donohue died on November 13, 1904, during the lifetime of Catherine T. Smith, leaving her surviving these three plaintiffs, her children, each of whom thereupon acquired a vested remainder in one-fifteenth of the real estate of which Hugh Smith died seised, subject to the life estate of Catherine T. Smith. By deeds dated May 20, 1895, and acknowledged June 5, 1895, each of the plaintiffs conveyed to Henry A. Smith one-fourth of the grantor's right, title, and interest in the real estate of which Hugh Smith died seised. Henry A. Smith died July 27, 1903, leaving a will by which, after certain legacies, he left all of his estate to the Van Norden Trust Company, as trustee for the benefit of his widow, and his daughter Marie D. Heilmann. Catherine T. Smith died April 11, 1906, when each of the plaintiffs became vested in fee of the property in which he or she had theretofore had only a vested remainder. These actions were commenced on April 25, 1906:

(1) John J. O'Donohue was born April 9, 1875, and became of age on April 9, 1896. (2) Mary Kelly was born April 10, 1876, and became of age on April 10, 1897. (3) Thomas J. O'Donohue, Jr., was born August 22, 1880, and became of age on August 22, 1901.

The defendants urge three objections to a recovery by the plaintiffs:

First. It is said that, in order to maintain an action by a grantor to set aside a deed executed during infancy, there must be a disaffirmance antecedent to the commencement of the action.

Second. That the complaint fails to state a cause of action because it does not allege that plaintiff is in possession, or who is in possession.

Third. That the action is barred by the statute of limitations, or, if no statute applies, by the lapse of time.

We think that the first objection is well taken. The very basis of a cause of action to cancel an executed contract by an infant is his disaffirmance after arriving of age. Therein it differs from an executory contract, which does not become valid unless affirmed. Beardsley v. Hotchkiss, 96 N. Y. 201; Parsons v. Teller, 188 N. Y. 318, 80 N. E. 930. Consequently, in the case of an executed contract like a deed, it is an essential element of a cause of action to revoke or cancel it that the plaintiff has since he came of age disaffirmed the deed; for, unless he has disaffirmed it, no cause of action has arisen. There was held in Bool v. Mix, 17 Wend. 119, 31 Am. Dec. 285, an action of ejectment, wherein Judge Bronson stated as one of the questions involved in the case "Was it necessary for the plaintiff to do any act to avoid the deed before bringing the action?" and he held that it was, saying after a full discussion of the authorities:

"If one who has aliened his estate while an infant wishes afterward to avoid the consequence, it is imposing no unreasonable burden to require that it shall be done by an entry on the land, or by some other act of equal notoriety, and the avoidance, whatever its form, must precede the bringing of an action to recover possession. Justice to the tenant requires it, and there is no other way in which we can carry out the doctrine that the deed of an infant is voidable only, and not void."

The same rule was stated and applied in Dominick v. Michael, 4 Sandf. 374, and again in Voorhies v. Voorhies, 24 Barb. 150, wherein the court said:

"It is also clear that before suit can be brought for the recovery of the possession of lands conveyed in infancy, the party must make an entry upon the lands and execute a second deed to a third person, or do some other act of equal notoriety in disaffirmance of the first deed, such as demanding possession, or giving notice of an intention not to be bound by the first deed, or an action cannot be maintained (citing cases). In the latter case (Dominick v. Michael) it was said, as seems to be clearly correct upon principle, that under the present system of pleading this act of disaffirmance must be averred and is necessary to be proved. I think the want of this allegation makes the complaint fatally defective."

No case to the contrary is to be found in the reports of this state, where the question has been presented. Voorhies v. Voorhies has been cited in Eagan v. Scully, 29 App. Div. 617, 51 N. Y. Supp. 680, and in Green v. Green, 7 Hun, 494. In both cases the plaintiff had before suit brought performed acts of disaffirmance, and in the latter case, when in the Court of Appeals (69 N. Y. 553, 25 Am. Rep. 233, Bool v. Mix), is expressly cited. The same rule seems to have been applied in some other jurisdictions (Long v. Williams, 74 Ind. 115; Doe v. Abernathy, 7 Blackf. [Ind.] 446; Haynes v. Bennett, 53 Mich. 15, 18 N. W. 539), while in others it is held that the commencement of a suit to avoid the deed is a sufficiently timely disaffirmance. We conclude, therefore, that the complaints were defective, in that they alleged no act of disaffirmance before action brought.

The second objection, that the complaint is defective in not alleging that plaintiff is in possession, or who is in possession, seems also to be supported by authority. This is an action in equity to remove a cloud on plaintiff's title. The plaintiffs do not sue under section 1638 of the Code of Civil Procedure, because the action authorized by that section

can only be maintained where the plaintiff has been for at least one year in possession of the property. The general rule undoubtedly is that an action in equity to remove a cloud or title will lie only where the plaintiff is in actual possession. He may sue in equity then because no action at law is available to him, unless there be one expressly established by statute. Therefore it is considered essential that a plaintiff shall either (1) allege that he is in possession and that some other person claims adversely to him when an action quia timet will lie; or (2) he must allege facts showing that his title is contested, and that, although he is out of possession, there are special reasons why he cannot sue at law, as in ejectment or otherwise.

In Moores v. Townsend, 102 N. Y. 387, 7 N. E. 401, the plaintiff sought the cancellation of a tax deed as a cloud on title. The court said:

"It is further urged by the appellant that the facts disclosed on the trial did not show any right on the part of respondent to equitable relief. We think this point is also well taken. The only ground alleged for the relief demanded was the want of an adequate remedy at law, and yet the facts stated showed presumptively the existence of such a remedy and the falsity of the averment. No reason is averred in the complaint why the plaintiff could not obtain all the relief to which he was entitled by an action of ejectment, and an examination of the findings and evidence shows that none in fact existed. Philipps v. Gorham, 17 N. Y. 270. The complaint was manifestly insufficient in this respect. Bookes v. Lansing, 74 N. Y. 437; Ocean Nat. Bank v. Olcott, 46 N. Y. 12–19; Allerton v. Belden, 49 N. Y. 373; Town of Venice v. Woodruff, 62 N. Y. 462, 20 Am. Rep. 495. We have been unable to find any case where a party out of possession has been allowed to sustain an action quia timet to remove a cloud upon title, except where it was specially authorized by statute, or where special circumstances existed affording grounds for equitable jurisdiction aside from the mere allegation of legal title. * * * In all the cases cited to the effect that equity will entertain jurisdiction to set aside assessments or conveyances as a cloud upon title, the party bringing the action was in possession of the property, or other circumstances gave equal jurisdiction."

In Howarth v. Howarth, 67 App. Div. 354, 73 N. Y. Supp. 785, it was sought by an action in equity to set aside a deed. The court said:

"The plaintiff is not alleged to have been in possession of the premises. He can therefore bring no action to remove a cloud on title. His action cannot be deemed one in ejectment and to remove a cloud from title as incidental thereto, because there is no allegation that the defendant is in possession. The complaint lacks any allegation whatever as to who is in possession of the property. * * * For this failure, then, to show where is the possession of this property, we can find no cause of action stated in the complaint."

The same rule is explicitly stated in Pomeroy's Eq. Jur. (3d Ed.) § 1399, note 1. In the present case, the plaintiffs neither alleged nor proved in whose possession the property is, nor do they state any special reasons why equity should take hold of the case. If their actions had been brought during the lifetime of Catherine T. Smith, the life tenant, that circumstance would have justified an appeal to equity, because then the plaintiffs' rights would have been only those of remaindermen, and no possessory action could be maintained by them. Remington Paper Co. v. O'Dougherty, 81 N. Y. 474. But the action was not commenced until after the death of the life tenant, when plaintiff's titles had ripened into a fee, with presumptively the

right to possession. The fact that the plaintiffs hold only undivided interests in the real estate is no obstacle to an action of ejectment. Bennett v. Vender Bosch, 26 App. Div. 311, 49 N. Y. Supp. 802.

The third objection, that the action is barred by the statute of limitations, seems to have been the principal ground upon which the judgment below was rendered. This question has been discussed on the briefs as if it involved a construction of section 396 of the Code of Civil Procedure. I do not so understand it. That section (as also section 375) applies only when the cause of action has accrued during infancy. In a case like the present the cause of action does not accrue during infancy, but only after the infant has arrived at age. It is not the making of the deed which gives the cause of action, but its disaffirmance, and, whether or not an infant may disaffirm during infancy, he certainly is not required to elect, so long as his infancy continues, whether he will disaffirm or not, because during infancy there is the same incapacity to definitely confirm or disaffirm a deed that there was to make a deed in the first place. Consequently we find all cases saying that an infant has until a reasonable time after majority to disaffirm.

There has been much discussion, and no little difference of opinion, as to whether the time thus allowed shall be such as may appear to be reasonable according to the circumstances of the particular case, or whether the infant has, after attaining his majority, the whole period allowed by the appropriate statute of limitations. The latter rule seems to have prevailed in this state. In Jackson v. Carpenter, 11 Johns. 542, he infant did not disaffirm the deed until 12 years after it had been executed, and 10 years after he came of age. It was held that he was in time. In Eagan v. Scully, 29 App. Div. 617, 51 N. Y. Supp. 680, it was said:

"It is a general rule that a conveyance by an infant is valid until it is avoided by him after arriving at full age, and that he is entitled to exercise his right of avoidance at any time within the term of the statute of limitations after his majority. It has been held that a mere delay in taking advantage of this privilege will not work a waiver or a ratification, and that ratification is a matter of intention, and will not be inferred by a bare recognition of or a silent acquiescence in it for any time less than the period of the statutory limitations. 10 Am. & Eng. Ency. of Law; Voorhies v. Voorhies, 24 Barb. 150; McMurray v. McMurray, 66 N. Y. 175; Green v. Green, 69 N. Y. 553, 25 Am. Rep. 233; Foley v. Mutual Life Ins. Co., 64 Hun, 63, 18 N. Y. Supp. 615."

This case was affirmed without opinion 173 N. Y. 581, 65 N. E. 1116. The rule thus established is in harmony with what was said by the Court of Appeals in Gilmore v. Ham, 142 N. Y. 1, 6, 36 N. E. 826, 827, 40 Am. St. Rep. 554:

"Under the law of this state there is a fixed limitation for every cause of action, whether legal or equitable. After attaching suitable limitations to numerous classes of actions, the Code adds (section 388): 'An action the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years, after the cause of action accrues.' This provision in the Code of 1848 and continued since has done away with the old rules as to cases cognizable only in courts of equity, and subjected all alike to some statutory limitation.'"

We conclude, therefore, that each of the plaintiffs had the full statutory period of limitation, after arriving at age, within which to disaffirm his or her deed executed during infancy, and have no doubt that the statutory period applicable to such a case is the 10 years provided in section 388 of the Code. So far as appears by the complaint and proofs, none of the plaintiffs ever disaffirmed until they did so by the commencement of these actions, which clearly may be treated as acts of disaffirmance. Doe v. Abernathy, supra. John J. O'Donohue came of age on April 9, 1896, and therefore had allowed more than 10 years to elapse before bringing suit on April 25, 1906. Mary Kelly and Thomas J. O'Donohue, Jr., brought suit, and thus disaffirmed within the 10 years after their majority. Their disaffirmance at least appears, therefore, to have been timely.

This question of limitation of time applies, however, only to the act of disaffirmance, and not to the time of bringing suit. In Gilmore v. Ham, supra, Judge Finch follows what I have already quoted by saying:

"So far as I have examined the authorities in this state since the adoption of the Code, I have found no denial of the application of its provisions to any form of equitable action, unless cases of a continuing right accruing newly every day may be said to form an exception, although it is quite apparent that they are not inconsistent with the uniform and universal rule."

He cites as instances of a continuing right Miner v. Beekman, 50 N. Y. 337, and Schoener v. Lissauer, 107 N. Y. 111, 13 N. E. 741. Miner v. Beekman was an action to redeem land from a mortgage by the mortgagor who had not been made a party to the foreclosure suit. The mortgagee had brought it in, and defendant, his grantee, had gone into possession claiming title. It was held that if the mortgagor had remained in possession, or if defendant had claimed to hold as mortgagee in possession, the right to redeem and thus remove the cloud from the title would have been a continuous one never barred by any statute of limitations, but, as the mortgagee from the time of taking possession claimed to hold as owner, the 10-year limitation applied counting from the time of taking possession. In Schoener v. Lissauer the action was to obtain the cancellation of a mortgage claimed to have been obtained from plaintiff's ancestor in title through fraud and duress. Plaintiff was in possession of the property. It was held that no statute of limitation applied; that the existence of the mortgage constituted a continuous cloud upon the title, and that no lapse of time could defeat plaintiff's right to defend against it, or her right to have it removed as a cloud. Applying the principle of those cases to the present one, we are of opinion that, as to the plaintiffs who have disaffirmed in time, no statute of limitations applies until those claimants under their grantee take possession.

Our conclusions are that judgment was rightly rendered in favor of defendants because (1) the plaintiffs did not allege any disaffirmance before bringing suit; (2) the plaintiffs do not show that they are in possession or who is in possession. We think that all of the plaintiffs have now effectually disaffirmed by bringing this suit, unless John J. O'Donohue has delayed too long in doing so, whereby the disaf-

firmance may have to be ineffectual as to him; that Mary Kelly and Thomas J. O'Donohue have certainly disaffirmed in time, and that no statute of limitations bars their right to assert the invalidity of their deeds, in any subsequent and appropriate action.

It follows that the judgment should be modified by striking out the words "on the merits," and, as thus modified, should be affirmed, with costs.

McLAUGHLIN, J., concurs.  PATTERSON, P. J., concurs in result.

HOUGHTON, J. (dissenting). I think these judgments should be affirmed without modification.  Evidence had been introduced on behalf of defendants, and the decision of the court in favor of defendants was upon the merits as to the particular form of action brought by plaintiffs, and the court had the right to conform his findings and the judgment to his decision. I concur with Mr. Justice SCOTT in his conclusion as to the necessity for disaffirmance before action and also respecting the necessary allegations and proof in an action to remove cloud on title.  I cannot concur, however, with him respecting the time when the statute of limitations began to run against the plaintiffs.  The action is in equity to cancel an infant's deed simply because of infancy, and manifestly the 10-year statute of limitation applies.  There is a very broad distinction between such an action and one brought at law for ejectment where a different rule of limitation might apply.  It must be conceded that the authorities which discuss the time when such an equitable cause of action arises in behalf of the infant and when the statute of limitations begins to run are unsatisfactory.  The best exposition of the doctrine as to when the statute of limitations begins to run against an infant where a third party has interfered with his property rights during infancy, and redress is sought in an equitable action to which my attention has been called, or which I have been able to find, is in the opinion of Judge Hiscock in Cahill v. Seitz, 93 App. Div. 105, 86 N. Y. Supp. 1009, written while he was a member of the Appellate Division of the Fourth Department.  In that case a guardian in socage had purchased in his own name at foreclosure sale real property of which the infant owned the equity of redemption, and it was held in an equitable action to impress a trust thereon that the infant's cause of action accrued at the time of the purchase, and that the statute of limitations must be computed from that time.  It is true that in the opinion in that case it was suggested that possibly there was a difference where a third person in violation of duty had appropriated the property of an infant, and where the infant had voluntarily conveyed real property during infancy.  I can see no logical distinction in a pure action in equity contradistinguished from one at law in the one case from the other. He is more likely to be wronged by a third person standing in a fiduciary relation to him without his comprehending the wrong done than he is to sign and execute a deed without comprehending what he is doing.  If he must ascertain and bring action for the wrong inflicted by a third person within a prescribed period, he ought to take cognizance

of his own act in deeding away his property, and be compelled to disaffirm and bring action for its restoration within the same period of time.

While courts should be careful of the rights of infants, much less harm would be done by applying the rule in Cahill v. Seitz, supra, to voluntary conveyances made during infancy than appears to have been done by the rule laid down in Egan v. Scully, 29 App. Div. 617, 51 N. Y. Supp. 680, affirmed 173 N. Y. 581, 65 N. E. 1116. There, for an expressed money consideration, an infant conveyed property to her father which he had given to her previously. At the time of the conveyance, she was so nearly of age that the question of her having attained majority when she signed the deed was sharply litigated. Nevertheless, although she lived seven years after giving the deed and concededly six years after she became of age, not dying until 1887, her infant heirs in 1894 were permitted to disaffirm her conveyance and recover back the property. That action was in partition, and not one to set aside the deed or impress a trust, but I hesitate to believe the Court of Appeals in affirming that case intended to adopt in its entirety the doctrine enunciated in the prevailing opinion of the court below. It seems to me the same rule of limitation should be applied to an infant who brings his action in equity for restoration where he voluntarily conveys his real property as is applied to him when a third party wrongfully takes his real property from him. Without entering upon an extended analysis or discussion of the authorities, I content myself with saying that I am persuaded the rule ought to be that the statute of limitations began to run against these plaintiffs at the time they gave their deed, and more than 10 years having elapsed, and they not being entitled to the one-year extension after removal of disability, they therefore are barred from maintaining the present action in the form in which they have brought it. If such be the case, the decision of the learned trial court was necessarily on the merits and the judgment was proper.

Whether they can bring an action at law to recover the property without being barred by the statute of limitations or by the judgment in this action is another matter, with which we now have nothing to do.

LAUGHLIN, J., concurs in result.