## FORD et al. v. CLENDENIN et al.

(Supreme Court, Special Term, Westchester County. October Term, 1911.)

1. LIMITATION OF ACTIONS (§ 39*)—TEN-YEAR STATUTE—SETTING ASIDE OF JUDGMENT.

   An action to have a judgment and sale and other incidental proceedings adjudged null and void for want of jurisdiction of the court over the subject-matter of that action, or to impeach such sale for constructive fraud in the purchase by a trustee of the property sold, is subject to the 10-year limitation and one year's extension provided in Code Civ. Proc. §§ 388, 396, respectively providing that an action the limitation of which is not specially prescribed must be commenced within 10 years after accrual, and that if a person entitled to maintain an action sufficient in its title is, at the time of accrual, within the age of 21 years, the time of disability is not a part of the time limited, except that the time so limited cannot be extended by such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disability, except infancy, more than 5 years, or in any case more than one year after the disability ceases.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190–211; Dec. Dig. § 39.*]

2. LIMITATION OF ACTIONS (§ 39*)—TEN-YEAR STATUTE—SETTING ASIDE OF JUDGMENT.

Even though partition or ejectment might have been maintained to recover the land in question, the 10-year statute still applies as to an action to set aside the judgment.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190–211; Dec. Dig. § 39.*]

3. LIMITATION OF ACTIONS (§ 72*)—BEGINNING OF RUNNING OF STATUTE.

Where the court, not having jurisdiction over the subject-matter, decreed a sale of trust property, the 10-year statute of limitation prescribed by Code Civ. Proc. § 388, which applies to actions to set aside the judgment, begins to run in favor of the purchaser from the time of his purchase of the property, and not from the time the infant defendants attain their majority, and so the only extension was that of one year, given in case of infants by Code Civ. Proc. § 396.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390–398; Dec. Dig. § 72.*]

4. LIMITATION OF ACTIONS (§ 39*)—SETTING ASIDE OF JUDGMENTS.

The 10-year limitation prescribed by Code Civ. Proc. § 388, applies to an action to set aside a judgment invalid because rendered without jurisdiction of the parties defendant.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190–211; Dec. Dig. § 39.*]

5. INFANTS (§ 80*)—GUARDIAN AD LITEM—APPOINTMENT.

The appointment of a guardian ad litem for nonresident infant defendants is a nullity, where made before service of process upon them was complete.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 210–221; Dec. Dig. § 80.*]

6. JUDGMENT (§ 17*)—JURISDICTION—PROCESS.

A judgment against nonresident defendants, entered before service of process by publication was complete, is void for lack of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. § 17.*]

Action by Nixola Greeley Smith Ford and another against Gabrielle G. Clendenin and others. Judgment for defendants.

E. C. Crowley, of New York City, for plaintiffs.

De Witt, Lockman & De Witt, of New York City (John Vernon Bouvier, Jr., of counsel), for defendants Clendenin.

Charles Haines, of White Plains, for defendant Hyatt.

Charles A. Van Auken, of New Rochelle, for defendant Westchester County.

Joseph E. Merriam, of Mt. Kisco, for defendant Town of New Castle.

George H. Walker, of New York City, for defendant New York Cent. & H. R. R. Co.

Barrett & Buckbee, of White Plains, for defendant Beecher.

David H. Hunt, of White Plains, for defendants Farrell.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLS, J. This is an action to have adjudged null and void as to the plaintiffs a certain judgment of this court, entered in 1883, purporting to appoint a trustee to sell certain real estate, and as well the sale and deed thereunder and various subsequent deeds by the grantee in that deed.

The premises involved were, at the time of the sale, a farm of nearly 80 acres, situated at Chappaqua, in the county of Westchester, and famous as the homestead of the then late Horace Greeley. It was the estate to which that great editor and author, during the latter years of his life, was accustomed weekly to retire for relief from his multitudinous professional cares, and where he conducted many agricultural experiments, which, through his writings, became widely known throughout this nation, to the edification and instruction of many people, and possibly to the amusement of some.

The plaintiffs are two of the three children of his daughter Ida L., now deceased; and the defendants are his only surviving child and daughter, Gabrielle, who purchased at the sale by the trustee, and her several subsequent grantees of divers parcels conveyed by her out of the farm.

Horace Greeley died November 9, 1872; his wife, Mary Y. C. Greeley, having predeceased him on the 30th of the preceding October. At her death the record title of the farm was in her name, except that such title to two parcels thereof, aggregating a little over seven acres, appears to have been in his name then and up to his death. She left a will, executed November 21, 1867, which was duly admitted to probate in the Surrogate's Court of Westchester county December 18, 1872. Such will purported to dispose of all her estate, real and personal, and to give the same ultimately to her two daughters, Ida and Gabrielle, but postponed the entire division of the estate between them until Ida should become 30 years of age. It created a certain power of sale, or certain powers of sale, and possibly established a trust, a point disputed in this case. Ida then, being over 21 years of age and named as an executrix in the will, took out letters testamentary thereon and qualified and acted as such executrix. On May 1, 1875, she married Nicholas Smith, and died April 11, 1882, leaving her surviving their three children, viz., Horace Greeley Smith, born April 6, 1877, and the two plaintiffs, Nixola Greeley Smith, now Ford, who was born April 5, 1880, and married Andrew W. Ford about April 1, 1910, and Ida Greeley Smith, who was born March 9, 1882, and is unmarried.

Gabrielle, the only surviving daughter of Horace Greeley, married the defendant Frank Montrose Clendenin in April, 1891. She took actual possession of the farm directly after receiving her deed from the trustee, September 29, 1883, and has held such possession of it ever since, except the certain portions thereof which from time to time she has sold and conveyed to other persons and corporations, who or which have had such possession of such portions under such deeds since receiving them.

On the 18th day of April, 1883, an action in this court was commenced by such Gabrielle, as plaintiff, against the said Nicholas Smith,

Horace Greeley Smith, Nixola Greeley Smith Ford, and Ida Greeley Smith as defendants, in which the complaint, after alleging various pertinent facts and that the said Ida L. Smith had died without exercising the power of sale conferred by the will of her mother, asked, as relief:

"The judgment or decree of this court that she or some other suitable person be appointed as a trustee to carry out the provisions of said will and testament of said Mary Y. C. Greeley, deceased, so far as the same may be devolved upon a trustee, to sell the real estate left by said testatrix at her death, and to dispose of the proceeds thereof pursuant to said will or the law of the case as duly established, or for such other, further, or different judgment, decree, or relief as to the court may seem fit, just, and proper, with costs and disbursements of this action."

At that time the said Nicholas Smith and his three children, above named, were residing at Shelbyville, Ky.; and on the 19th of April, 1883, an order in that action was duly made by a justice of this court for the service of the summons upon them by publication. Such service, as to these plaintiffs, was actually completed on the 8th of June, 1883. Meanwhile, on May 8, 1883, upon the petition of the father, Mr. George Putnam Smith was, by an order of this court made at Special Term, appointed guardian ad litem for the three infant defendants, viz., the said Horace, Nixola, and Ida, each being then under 14 years of age, viz., Horace 6 years, Nixola 3, and Ida 1. Such guardian, on May 11, 1883, verified and served the usual answer of infant defendants by guardian ad litem, submitting their interests to the protection of the court. On May 15, 1883, the answer of the father, Nicholas Smith, was verified and served. It in effect joined in the prayer of the complaint. The case was tried on June 4, 1883, decision signed June 23, and judgment with the caption as of June 4 was entered July 2, all in 1883.

The judgment recited the appearance of the guardian ad litem and of the attorney for the father, Nicholas Smith, and their being heard, the trial and decision, and granted in effect the relief asked in the complaint, appointed Israel A. Haight as trustee, directed him to sell at public auction said premises, containing about 78.561 acres, by a description which, as I understand the evidence, included the two parcels, of which the record title was, as above stated, in Horace Greeley, but which the decision had found belonged to his wife at her death. The trustee duly qualified, and, after proper advertisement, sold the farm at public auction to the defendant herein, Gabrielle G. Clendenin, for $10,000, which was the highest and indeed the only bid. He thereupon duly reported to this court his proceedings; and thereafter, on September 22, 1883, 'this court at Special Term, after due notice to the attorney of the defendant Nicholas Smith and the said guardian ad litem, and after hearing them, made an order confirming such report and directing the trustee to execute and deliver a deed to consummate such sale. Accordingly, on September 29, 1883, the trustee made, executed, and delivered to the said defendant here, Gabrielle G. Clendenin (then Greeley), a deed of said premises by said description; she having paid to him the purchase price of $10,000.

There followed various proceedings by which one-half of the net proceeds of the sale were set apart for the said infants, subject to the interest therein of their father, and by which such interest was determined to be one-third of such amount, apparently upon the theory that the will of Mrs. Mary Y. C. Greeley had made an equitable conversion of the real estate, and that the interest of her daughter Ida therein, at the latter's death, was personal property, and by which such value of the father's interest was paid to him or his assignee, and the remainder, representing the net interest of the said three infants, was also paid to him as their general guardian, he having been duly appointed as such; all this matter of the final distribution and payment being accomplished, or rather completed, in January, 1886. The proceedings subsequent to the delivery of the deed by the trustee are not here recited more fully, as it is plain that they cannot affect the validity of the title conveyed by that deed. It may be added, however, that on October 8, 1883, the trustee made a final report to this court, showing that he had delivered the deed, received the purchase price, and paid out the same as directed by the previous order of the court. ·

By an order duly made at Special Term October 13, 1883, this court approved and confirmed all the proceedings of the trustee. Such order recites that it was made upon due notice to the said guardian and to the attorney of the said Nicholas Smith, and such fact also appears by their several admissions indorsed thereon.

The defendants here severally plead, as an affirmative defense and bar, the 10-year statute of limitations under sections 388 and 396 of the Code of Civil Procedure; and it becomes necessary, or at least appropriate, first to consider and decide upon such defense.

[1] There is no dispute about any of the facts affecting this question. The deed by the trustee, Haight, to the defendant Mrs. Clendenin, under the judgment in the former action, was delivered and became complete on September 29, 1883, or at least on October 13th of that year, when the final order of confirmation was made. These plaintiffs became of age, respectively, Mrs. Ford April 5, 1901, and Miss Smith March 9, 1903. This action was commenced March 3, 1911. Therefore the 10-year limitation of section 388, and the one-year extension by section 396, if applicable, had elapsed long before this action was commenced. It is the contention of the counsel for the defendants that such sections are applicable to and govern this action; while it is the contention of the counsel for the plaintiff that the right to maintain this action is a continuing right, accruing newly every day, and that no statute of limitations has even begun to run against it.

It seems clear to me, however, that the 10-year limitation, viz., said section 388, is applicable to the cause of action alleged in this complaint. This is an action to have the judgment and sale and deed and other incidental proceedings in the former action adjudged to be null and void against these plaintiffs for want of jurisdiction of this court in that action of the subject-matter thereof. In short, this action appears to be a direct attack upon the former judgment. Warren v. Union' Bank of Rochester, 157 N. Y. 259, 276, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777.

The complaint herein may perhaps be construed also to impeach such sale and deed upon another ground, viz., that of fraud, at least constructive, in that it is therein alleged that the defendant Mrs. Clendenin, while then in effect a trustee, as being administratrix with the will annexed of her mother, purchased the property herself for a grossly inadequate price. Cahill v. Seitz, 93 App. Div. 105, 86 N. Y. Supp. 1009.

The briefs of all the learned counsel discuss at length the question whether or not, as evidenced by the record of the former action, this court therein obtained jurisdiction of the persons of the plaintiffs here. The claim of the plaintiffs' counsel, to the effect that the court had not there gained such jurisdiction, is based upon two contentions of fact, viz.: (1) That the order appointing their guardian ad litem was made in that action before service of the summons upon them by publication had become complete; and (2) that the action was actually tried in court before such service was completed. But, upon a careful and repeated examination, I fail to find that the complaint alleges either of those facts or states either contention as an objection to the validity of the judgment and the proceedings thereunder. The complaint here is extraordinarily precise and definite, in stating by way of summary, in division XXXV thereof, the grounds of the plaintiffs' objections to the validity of that judgment and those proceedings, and no such ground of objection is therein stated, directly or by implication. Those grounds, as stated in said division, are solely as above summarized.

Such a cause of action as that alleged in the complaint is, I think, clearly subject to the 10-year limitation. Miner v. Beekman, 50 N. Y. 337, 338; Cahill v. Seitz, 93 App. Div. 105, 86 N. Y. Supp. 1009; O'Donohue v. Smith, 130 App. Div. 214, 114 N. Y. Supp. 536.

In the Miner Case, supra, the Court of Appeals held that the 20-year statute of limitations applied only to cases which, prior to the enactment of the Code, were actions at law for the recovery of real property or its possession, and were triable by jury, and that an action brought by a mortgagor, who had not been made a party at all in the action to foreclose, against the purchaser at the foreclosure sale, who had taken possession under the deed given thereat, was barred in 10 years after possession of such purchaser began.

In the Cahill Case, supra, the Appellate Division in the Fourth Department held that an action by a former infant to set aside her guardian's purchase of her lands at a foreclosure sale was subject to the 10-year limitation, and that such limitation began to run from the time of the sale.

In the O'Donohue Case, supra, the Appellate Division in the First Department held that in an action by a former infant to cancel her deed executed during infancy the 10-year limitation applied; but a majority of the court, two justices dissenting, held also that such limitation did not begin to run until the infant had attained her majority.

The case of Schoener v. Lissauer, 107 N. Y. 111, 13 N. E. 741, cited by the counsel for the plaintiff against this proposition, does not appear to me to so hold. On the contrary, the opinion, at 107 N.

Y. 117, 13 N. E. 743, says, referring to an action by the owner of the fee to remove a cloud upon title to land by the cancellation of a mortgage thereon:

"The cause of action is not the creation of the cloud, but its existence, its effect upon the title of the owner, and his right to have it removed. That is a continuing right, which endures as long as the occasion for its exercise, and is not limited by any statute, unless it be the 10-year limitation upon equitable actions not otherwise provided for (Code, § 388), which, even if applicable, does not affect the right of the plaintiffs in this case."

This excerpt from the opinion seems to imply that the 10-year limitation would apply in that case.

The distinction and the limitation of the cases where the statute does not run at all, as is claimed by the plaintiff's counsel to be true here, is clearly pointed out in Miner v. Beekman, 50 N. Y. 337, where it was stated that, if it appeared that the defendants held merely "avowedly as mortgagees in possession," the statute would not begin to run; but, as it appeared that they held under the deed given in the foreclosure action, the 10-year statute did apply, and did begin to run from the taking of possession. 50 N. Y. 344.

The cases of Darrow v. Calkins, 154 N. Y. 503, 512, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637, and of Howell v. Leavitt, 95 N. Y. 617, at page 622, are not inconsistent with the conclusion now being stated, because the former was an action in partition and the latter an action in ejectment, in each of which the 20-year statute of limitations under section 365 of the Code of Civil Procedure applied.

[2] In this kind of an action the 10-year statute applies, even if the plaintiffs might, upon the facts alleged, have maintained partition or ejectment. Miner v. Beekman, 50 N. Y. 337.

[3] It remains to determine whether the 10 years of limitation began to run in this case with the taking of possession by the defendant Mrs. Clendenin under the trustee's deed in the latter part of 1883, or as to each plaintiff with her attainment of majority. As to this question it must be admitted that the decisions are not altogether harmonious and clear.

The case of Miner v. Beekman, 50 N. Y. 337, holds not only that the 10-year limitation applies to such action, but that it began to run at once upon the taking possession under the referee's deed. But that case did not involve the elements of any infancy.

In the case of Cahill v. Seitz, supra, 93 App. Div. 105, 86 N. Y. Supp. 1009, the Appellate Division in the Fourth Department, without any dissent, held that, in an action to avoid a guardian's purchase at a foreclosure sale of his infant ward's lands, the 10-year limitation began to run against her from the time of his purchase, and was extended by section 396 of the Code only one year after her attaining majority. It cannot be doubted that that decision is an express authority directly in point upon this question here. Indeed, the complaint in this action, so far as it seeks to avoid the sale on the ground that the purchaser was really acting in a fiduciary capacity and paid an inadequate price, is exactly like the complaint in that action.

However, in the case of O'Donohue v. Smith, 130 App. Div. 214,

114 N. Y. Supp. 536, the Appellate Division in the First Department held that, in an action to cancel a deed executed in infancy, the cause of action did not arise or accrue until after the expiration of the period of infancy, and the grantor by some overt act had disaffirmed the deed, and that he had 10 years after attaining majority in which to perform such act, and apparently 10 years thereafter in which to bring the action.  Two of the five justices composing the court dissented, one with an opinion wherein he contended that the decision of Cahill v. Seitz, supra, was applicable and reasonable.  The majority opinion did not notice Cahill v. Seitz, but cites the case of Eagan v. Scully, 29 App. Div. 617, 51 N. Y. Supp. 680, affirmed without opinion 173 N. Y. 581, 65 N. E. 1116.  In that case the Appellate Division held that an infant had, after attaining his majority, the full term of the statute of limitations in which to disaffirm his conveyance made during his infancy.  This decision, having been affirmed by the Court of Appeals, must be accepted here as the law.

This case, however, is not that of a person attempting after majority to disaffirm and avoid his conveyance or act performed during infancy, but is the case where a person attempts to have avoided the deed or act of others made or performed during his infancy, whereby his rights purport to be prejudiced.

In Cahill v. Seitz, supra, the opinion recognizes this distinction and concedes that in case of such a voluntary conveyance the right of disaffirmance runs from the attainment of majority for the full 10 years thereof; yet it distinctly holds that as to the acts of others, e. g., the deed of trustee Haight here, the 10-year limitation begins with the taking possession thereunder.  It is immaterial what I may think of this distinction, as it is my plain duty to accept and follow the law applicable to this case as declared by the superior tribunal, which appears to me to be that declared in Cahill v. Seitz, supra.  Certainly there is in the later case of O'Donohue v. Smith, supra, no express overruling of that law.  Therefore I hold and decide that the plaintiffs' cause of action alleged in the complaint was subject to the 10-year limitation by said section 388, and was extended by said section 396 one year as to each plaintiff after she attained her majority, and that, therefore, this action was and is barred by such statute of limitations.

[4, 5] Moreover, if the complaint can be construed ·or treated as alleging that this court in the former action did not obtain jurisdiction of the person of the plaintiffs, it seems to me that the result as to this plea of the statute of limitations would be the same.  The leading case of Miner v. Beekman, 50 N. Y. 337, at page 344, above cited, was of that precise character.  In that case the plaintiff had not ·even been made a party to the foreclosure action, and, of course, there was no pretense even that the court in that action had gained jurisdiction of him personally.  No doubt the appointment of a guardian ad litem for the plaintiffs before the service of the summons upon them had become complete, which was undoubtedly the situation, was a nullity.  Darrow v. Calkins, 154 N. Y. 503, 513, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637; Crouter v. Crouter, 133 N. Y.

55, 62, 30 N. E. 726; Ingersoll v. Mangam, 84 N. Y. 622; Potter v. Ogden, 136 N. Y. 384, 392, 33 N. E. 228; Taylor v. Emmet, 137 App. Div. 202, 122 N. Y. Supp. 66.

[6] It seems to me that the learned counsel for the plaintiff is quite right in his contention that if, as he claims the evidence shows, the former action was actually tried on June 4, 1883, and the service by publication of the summons upon these plaintiffs did not become complete until the 8th of that month, the court in that action had no jurisdiction as to these plaintiffs at that time to try the case. Darrow v. Calkins, 154 N. Y. 503, 513, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637.

If it could be established that that trial did not take place on the 4th day of June, which date the court here may take judicial notice was the opening day of the regular June Trial and Special Term of this court in Westchester county for the year 1883, but at some date after the service of the summons upon these plaintiffs had become complete, possibly a different question might be presented under this defense of the statute of limitations. It would seem that then the judgment in that action was not void, but only voidable at the election of these plaintiffs, to be exercised within a reasonable time. Whether, then, by parity of reasoning, the doctrine of O'Donohue v. Smith, 130 App. Div. 214, 114 N. Y. Supp. 536, as above recited, would apply to these plaintiffs, and they would have 10 years after attaining their majority to make and declare their such election, appears to constitute an abstract question, which need not here be decided or discussed. It may be remarked, however, that, if the doctrine of that case did apply to such effect, this action must fail because the complaint contains no allegation of any such election, or of any overt act on the part of the plaintiffs declaring the same prior to the bringing of this action. For such want the complaint was dismissed in that case.

The decision here, therefore, must be in favor of the defendants, but without costs.