(161 App. Div. 63)

### In re FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1914.)

INTOXICATING LIQUORS (§ 66*)—LIQUOR TAX CERTIFICATE—CONSENT OF INFANT OWNERS.

　　Within Liquor Tax Law (Consol. Laws 1909, c. 34) § 15, subd. 8, as amended by Laws 1910, c. 503, § 2, requiring, with an application for a liquor tax certificate, the consents of the owners of at least two-thirds of the dwellings, within 300 feet of the property on which the traffic is to be carried on, consent can be given by infant owners.

　　[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 66; Dec. Dig. § 66.*]

　　Kruse, P. J., and Foote, J., dissent.

Appeal from Special Term, Onondaga County.

Petition of William W. Farley, State Commissioner of Excise, for revocation and cancellation of Liquor Tax certificate No. 16,893, issued to William Thater and transferred to Catherine Cronin. From an order canceling and revoking the certificate, said Cronin appeals. Reversed and dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Walter Welch, of Syracuse, for appellant.
Louis M. King, of Schenectady, for respondent.

LAMBERT, J. This is a proceeding under the Liquor Tax Law, instituted by the State Commissioner of Excise, for the cancellation and revocation of a liquor tax certificate, issued to one Thater, and now claimed to be owned by the respondent, Cronin. The sole ground

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the application, here involved, is the sufficiency of the consents obtained from adjacent property owners, in pursuance of subdivision 8 of section 15 of the Liquor Tax Law. That section requires that with the application for a certificate, there shall be filed the consents, "executed by the owner or owners, or by a duly authorized agent, or agents of such owner or owners of at least two-thirds of the total number of such buildings, within 300 feet, so occupied as dwellings, and acknowledged as are deeds, entitled to be recorded."

It is conceded that there are adjacent to the certificated premises some 24 buildings, occupied exclusively as dwellings and within the prescribed 300 feet of the said premises. It follows therefore that there was required to be filed consents covering 16 of such 24 buildings. The respondent shows what purports to be such consents for some 18 of such buildings. Two such were held by the trial court to be insufficient, for insufficiency of acknowledgment and because revocations thereof had been filed. In such conclusion, such court was clearly correct. There still remain, however, the requisite number, if all such remaining are valid. It is made to appear, however, that 4 of these 16 properties are held by several tenants in common, of whom 2 are infants, and question is raised as to the power or right of the infants, by reason of their infancy, to execute or authorize the execution of any such consents. It is agreed that not only did the infants each execute such consents in person, but that an uncle of both also executed same as agent, "duly authorized," in their behalf, and such consents, so signed, and properly acknowledged, are urged as sufficient. The trial court has held the same void and has placed such determination solely upon the infancy of such owners. Upon the correctness of that conclusion depends the sustaining or reversal of the order appealed from, for no other error is urged, which even approaches sufficient reason for a reversal.

In reaching his conclusion, the trial court relied upon the case of People v. Griesbach, 211 Ill. 35, 71 N. E. 874, and adopted the reasoning of that decision. We are referred to no authority in this state upon this question, and I am able to find none. The question is to be determined wholly from the statute and the general principles and policies adopted and recognized by this state.

It first appears that the statute nowhere expressly declares the incompetency of an infant to execute such a consent, although it is apparent that many properties within the statutory provision must be owned by infants, in various instances. In the same connection it is to be observed that the same statute (Liquor Tax Law) in various of its provisions does expressly declare a disqualification of infants in various particulars.

By section 21 of the Liquor Tax Law, it is expressly provided that no person under 21 years of age shall traffic in liquors. By section 29, the sale of liquors to infants is prohibited. By section 30, subd. "f," minors under 18 years are prohibited from serving liquors and from remaining in any barroom.

From such circumstances, it is argued, with some force, that the failure of the Legislature to disqualify infants, in the provisions as to

the consents, indicates an intention to permit such to sign, or at least overcome any contrary presumption. Such argument rests in the doctrine, expressio unius est exclusio alterius. Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565.

Attention is further drawn to the well-established rule that an infant's deed is not void, but voidable only, and at the sole election of the infant. O'Donohue v. Smith, 130 App. Div. 214, 114 N. Y. Supp. 536; Smith v. Ryan, 191 N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, 123 Am. St. Rep. 609, 14 Ann. Cas. 505. Of course, the execution of such a consent does not attain to the dignity or formality of a transfer of real property. The right conveyed by the signing is a mere naked right and of doubtful value. It is in no sense a right of property, but is personal in its character and partakes of the nature of a privilege. It is therefore difficult to see why the execution of such a consent should be hedged about with more particularity or greater restriction than is a conveyance of real property. It is equally difficult to see the right of the commissioner to assert a standing that has always been regarded as purely personal to the infant. The infants are not personally nor through legal representation questioning any supposed invasion of their rights, and, until they do, I cannot see how any one else is in a situation to do so, regardless of motive, so long as such action is not for the benefit of the infants.

Again, the courts have always jealously guarded the property and personal rights of infants, as wards of the courts. With this in mind, subdivision 6 of section 15 of the Liquor Tax Law becomes important in the solution of this question. That subdivision expressly requires a like consent to be executed and acknowledged by the owner of the property upon which the traffic is to be carried on. Assume an instance, where, by the death of the owner of a valuable hotel property, the title to such has vested in certain minor heirs. If there is no way in which such owners can give the required consent, then the traffic cannot be carried on upon such premises and the right to again traffic thereon would eventually be lost. In such manner the property of such infants would undoubtedly lose a large part of its value, and all for no other reason than the infancy of such owners. Under such circumstances, we anticipate the courts would be astute to find some way to permit such infants to consent to such traffic.

But the Liquor Tax Law, itself, furnishes the most compelling reason for permitting the consents of infants. Subdivision 8 of section 15 requires the consents of two-thirds of the dwellings within the prescribed 300 feet. The statute expressly and without exception requires that all the dwellings be counted as within the class, while the holding of disqualification prohibits the obtaining of the consents from such, no matter how willing the owners might be to grant same. This, in effect, creates a greater restriction against the applicant than is especially prescribed by the statute, i. e., two-thirds. In this particular instance, the applicant would be required to obtain the consents of 16 out of 24, but would be limited to solicitation of only 20 of such 24. I assume no such situation was ever intended to be created.

About the only substantial argument to be advanced in support of the

disqualification of the infants is that the public good and welfare are involved in the giving of such consents, and that public policy requires the exercise of a mature judgment in making the determination, and that an infant is to be presumed not to have such judgment. As against the arguments advanced to the contrary, such contention seems of little weight. No such policy is expressed in the Liquor Tax Law, and there is no very clear reason for its adoption. At least, until such policy is declared by the Legislature, the courts should not seek to read it into the statute. The question involved is new, novel, and not free from doubt, and should receive the interpretation of the Court of Appeals.

The order is reversed, and proceedings dismissed, with costs. All concur, except KRUSE, P. J., and FOOTE, J., who dissent.