1835.

MERCHANTS
FIRE
INSURANCE
COMPANY
v.
GRANT.

## MERCHANTS FIRE INSURANCE COMPANY v. GRANT and others.

An infant's deed being voidable ,only and capable of confirmation, may become confirmed where such infant, after age, makes his will and directs all his just debts to be satisfied.

G., an infant, obtained money on mortgage of real estate. He died, having, when of age, made his will and therein directed '· all his just debts and funeral expenses to be first paid and satisfied." He also devised the property (without referring to the mortgage) to his mother in fee. The mortgagees filed a bill of foreclosure ; when the infancy was set up : but the court decreed in favor of the mortgage, with costs,

*Novemb.* 17, 1835.

*Mortgage by infant.*
*Will.*

Bill of foreclosure, under the following circumstances : In the month of February, one thousand eight hundred and twenty, the complainants advanced to Ebenezer Turrel Grant three thousand two hundred dollars ; and took from him a bond and mortgage of land in the city of New-York, alleged to belong to him in fee simple. The loan was negociated through Messrs. Shotwell and Son, who, as the bill alleged, were the brokers of the borrower, whereas the de-

fendants insisted that they acted for the company. It ultimately turned out that the mortgagor, Edward Turrell Grant, was under age at the time he executed the bond and mortgage. While the securities were outstanding, he died; having first made his will, which commenced with a direction as to his debts, as follows: " Imprimis, I order and direct all my just debts and funeral expenses to be first paid and satisfied ;" and the property which he had mortgaged was given to his mother, in the words following: " Also, I give and devise to the said Elizabeth Grant and to her heirs and assigns for ever my two houses and lots of land known by Nos. 205 and 207, in William Street in the city of New-York, with the appurtenances." He appointed the defendants Elizabeth Grant and Richard Grant his executrix and executor.

The defendants, in their answer, set up the infancy of the mortgagor at the time of giving the bond and mortgage, and alleged usury in the granting of the loan.

1835.

MERCHANTS
FIRE
INSURANCE
COMPANY
v.
GRANT.

Mr. *John L. Lawrence*, for the complainants.

Mr. *Jacob Radcliff*, for the defendants.

THE VICE-CHANCELLOR :—I consider it the settled law of this state that the deed of an infant is voidable only, at his election when he comes of age or at the election of his heir or representative, and not absolutely void. It is, therefore, capable of confirmation ; and the mortgagor Edward Turrell Grant, having made a will after he attained the age of twenty-one years, in which he orders and directs all his just debts, as well as funeral expenses, to be first paid, is so far from evincing on his part a disposition to avoid the debt contracted with the complainants and secured by his bond and mortgage, that I think it may well be understood as confirmatory of it. The court may infer from the will that such was his intention and that his object was to leave the whole of his estate, real and personal, to his mother, subject to the payment of the mortgage debt. She could have no right, therefore, to object to the payment out of the proper-

1835.

MERCHANTS
FIRE
INSURANCE
COMPANY
v.
GRANT.

ty : for it is left to her after the debts are paid.    The court is justified, by the  facts in  this case and  the circumstances under  which the  loan was obtained  from the complainants, in laying hold of any equitable construction which can possibly be given to the will and to hold it to be a confirmation, instead of an avoidance of the  bond and mortgage.    For this we have a precedent in *Hampson* v. *Sydenham*, Nelson's Ch. Rep. 55.

As to the defendant Richard Grant, the father of the mortgagor  and who has now a life  estate in the mortgaged premises as tenant by the  curtesy : upon every principle of justice  and  equity, he  ought  not to be permitted to set up the objection of his son's non-age.    The father  was  privy to  the  whole  transaction ;  was  instrumental in  procuring the loan from the  complainants ; and was present when the money  was  advanced  and  the papers executed—and, according  to  the  testimony,  received a  part of the  amount. He knew  the  fact, if it be so, that his son  was not then of age and it was his duty to have  apprised the  complainants that they were  dealing  with an infant or for  ever  after to have held his peace on the  subject.    To permit him now to set up the  objection,  is to  sanction  his  perpetration of a fraud.    With the oppressive nature of the  exactions of the broker employed  by the father and son, if there  were any oppression in the  matter, the complainants had no concern. The broker  was  not employed by them, nor was he their agent.

There must be a decree  establishing the  validity of the bond and mortgage ; and referring it to a master to compute the amount.    Upon  the  coming in and  confirmation of the report, let the property be sold in the usual manner to satisfy the complainants their debt and costs.