CHAPMAN and Another *v.* CHAPMAN.

A conveyance by husband and wife, the wife being under age, cannot be avoided by her, even as to herself, simply on the ground of infancy, until her arrival at majority.

At that time, *it seems,* she might, by some legal mode, avoid the conveyance as to herself, to prevent the possible accruing of an estoppel.

But such avoidance would not, of course, enable her to obtain possession of the property until after the decease of her husband.

She might, probably, avoid the conveyance as to herself, for fraud, before arriving at majority.

She could not have an action for alimony simply, at common law; and the common law has been followed on this point in *Indiana.*

But the statute of 1857 gives such an action; and after the Court in such action has given judgment for alimony, it may set aside a fraudulent conveyance standing in the way of its collection, as in other cases.

A conveyance will not be disturbed for the collection of a merely nominal judgment for alimony, at least till after a refusal or failure to pay that nominal judgment without such disturbance.

Perhaps the officers of Court might, through the judgment, reach the land for the collection of their costs, as in other cases of land fraudulently conveyed.

In a proceeding of this kind, the Court may ascertain the cause and the circumstances of the abandonment. If it occurred under circumstances mitigating or justifying it, it would seem that an equitable case is not made out for giving more than what necessity requires for a support, in connection with the wife's own earnings, where the property of the husband amounted to but 700 dollars.

*Monday,*
*December* 12.

APPEAL from the *Lagrange* Circuit Court.

PERKINS, J.—This is a suit by *Lucinda Chapman* against *Daniel Chapman,* her husband, and *David Chapman,* his brother.

Said *Lucinda* is an infant, about seventeen years of age, and has been married about two years. Her husband, she alleges, has treated her badly, and, finally, left her, after having sold his land, being, it appears, about all the property he possessed, she joining in the deed of conveyance with him. The land was sold to *David Chapman,* for 700 dollars, on seven years' credit.

*Lucinda* asks that that conveyance be set aside, and that she be allowed a support out of the land.

Answer and replication, whereby the cause was put at issue.

Trial by the Court; finding that the sale of the land be set aside, and that *Lucinda* be allowed 500 dollars. *Lucinda* thereupon remitted 499 dollars of the amount, and the Court rendered judgment in her favor, that the conveyance of the land be set aside, and for one dollar and costs, and that the particular land in question be sold to make the money.

The act of the plaintiff below rendered this case so trivial in its termination, that it scarcely merits a discussion. But it involves questions that must, sooner or later, be decided by this Court, and we proceed to briefly consider them.

The conveyance in question could not have been avoided by the plaintiff, even as to herself, simply on the ground of infancy, till her arrival at majority. *Hartman* v. *Kendall*, 4 Ind. R. 403.—*Pitcher* v. *Laycock*, 7 *id.* 398. At that time, it would seem, even though her husband were still living, that she might, by some legal mode, avoid the conveyance as to herself, to prevent the possible accruing of an estoppel. See *Hartman* v. *Kendall, supra*. But such avoidance of the conveyance would not, of course, enable her to obtain possession of any part of the property till after the decease of her husband. She might probably avoid it, as to herself, for fraud, before arriving at majority. The plaintiff could not have or maintain this action, at common law, for alimony simply. 2 Bright's Husb. and Wife, p. 357.—Bish. on Marr. and Div., § 549, *et seq.* And the common law has been followed, on this point, in *Indiana*. It was settled, in *Fischli* v. *Fischli*, 1 Blackf. 360, that an original suit for alimony could not be maintained. That alimony could only be granted as an incident in a suit for divorce, &c. Ind. Dig. 107. In some of the states, the common law on this point has not been followed. Bish., *supra*.

The plaintiff must depend, then, upon statutory provisions, and, so far as this case is concerned, upon those contained in the act of 1857. Laws of 1857, p. 94. By

those provisions, a wife, in case of abandonment by her husband, may sue for a support in the nature of alimony. If she make out an equitable case, the Court may adjudge her alimony, and may, if necessary, order a sale of property to make the amount allowed. And, we presume, after the Court had given judgment for alimony, it would be in the power of the Court to set aside fraudulent conveyances that might stand in the way of its collection, as in other cases.

At common law, if the husband left the wife in destitute circumstances, she might provide herself, upon his credit, with necessaries, and such his creditors could have caused fraudulent conveyances to be set aside. The statute extends the right of a creditor in this respect to the wife.

In proceeding under this statute, we do not say that the plaintiff may not, in the same suit, ask alimony, and the setting aside of a fraudulent conveyance; but the order of judicial investigation, nevertheless, should be to first try the question of the right to the alimony sought, as, upon its determination would depend the necessity of examining into the validity, except as to the wife, of the conveyance charged to be fraudulent. If no equitable case was made, nor judgment given, for alimony, there would be no judgment to collect out of any property, and, hence, no ground to disturb the conveyance, as to the husband, of any property.

In this case, there is but a nominal judgment for alimony, and the conveyance of property will not be disturbed for the collection of such a judgment, at least, till after a refusal or failure to pay that nominal judgment without such disturbance. Perhaps the officers of Court might, through the judgment, reach the land for the collection of their costs, as in other cases of land fraudulently conveyed.

The judgment in this case, therefore, must be reversed, so far as it unconditionally avoids the conveyance of the land by the husband. And as the judgment will then, perhaps, scarcely embrace the merits of the case, it will be

reversed generally, except as to avoiding the conveyance of the wife, and the cause remanded for another trial, which may be understandingly conducted.

So far as it avoids the execution of the deed by the wife, it is affirmed.

It may be here observed, that in determining the question of alimony upon a divorce, the Court may, touching the amount, hear evidence as to the cause of abandonment on the part of the husband. So in this case, the Court may ascertain the cause and circumstances of the abandonment. If it occurred under circumstances which mitigated, if they did not justify it; as, if from the malignity of disposition, or the irritating, vexatious conduct, long continued, of the wife, the husband, to secure his own peace, was compelled to abandon her, there would not seem to be a very equitable case made out for giving, at least, beyond what necessity required for a support in connection with her own earnings, in a case where the entire property of the husband amounts to but 700 dollars.

These are questions to be determined by the evidence.

*Per Curiam.*—The judgment, except as above stated, is reversed with costs. Cause remanded, &c.

*J. B. Howe* and *J. M. Flagg*, for the appellants.

*A. Ellison*, for the appellee.