OSWEGO COUNTY—HON. AMOS G. HULL, SURROGATE—December, 1863.

## NELSON v. EATON.

*In the Matter of the Distribution of the Proceeds from the Sale of the Real Estate of* WILLIAM S. EATON, *deceased.*

The contract of an infant may be avoided by those only, besides himself, who are privy in blood or estate.

C., an infant, by a deed of gift, granted to his sister all his right, title, and interest in and to his father's estate, and died before attaining his age. His brother W. assigned all his interest, both in his father's and in C.'s estate, to N.

    *Held,* that N. had such an interest in the estate as entitled him to disaffirm C.'s deed, on the ground of infancy.

The facts as agreed upon, and the claims of the respective parties in this case, were as follows:

The proceeds for distribution were the moneys arising from the sale of real estate under the decree of the surrogate of Oswego county, for the payment of the debts of the deceased. It was admitted that the deceased left three children—viz., Wellington Eaton, of full age; Carlos Eaton, aged about nineteen, at the time of his father's death, which occurred in 1854; and Ellen, aged fourteen years at the time of her father's death. Carlos died in January, 1855, at about the age of twenty, without issue, leaving no widow; and the mother of the children died before the father.

Ellen was nearly fifteen years of age at the time of the decease of Carlos.

In December, 1854, Carlos executed and delivered to his sister Ellen a deed of all his right, title, and interest in and

to the land and estate, from the sale of which the money for distribution in this case was derived.

On the same day, he also executed and delivered a contract to Ellen, intending to convey all the right he had to said land,—agreeing in the same contract to convey by deed, and to confirm the contract, if he should live until he should arrive at full age. It was agreed by the parties that such deed and contract were designed as a gift. Carlos died on the 11th of September, 1855.

The other brother, Wellington, in October, 1855, in consideration of six hundred dollars, conveyed all of his right, title, and interest in and to the land of his father, and all his right, title, and interest to the undivided half of the estate of which Carlos died seized, whatever it might be, to one Nelson (conveying all the interest that he, Wellington, individually, or as an heir of Carlos, might have in said estate).

Ellen, by her guardian, claimed that Carlos died seized of no property, for the reason that he had conveyed it to her. It was also admitted, on the hearing, that at the time Wellington executed the deed to Nelson, he informed Nelson that Carlos had executed a deed of his interest to Ellen. It was claimed, on the part of Nelson, that he was entitled to one half of the proceeds for distribution, and that the deed from Carlos to Ellen was inoperative and void.

It was claimed, on the part of Ellen, that she was entitled to two-thirds of the amount for distribution; that is to say, the share that she would have as one of the three heirs to the estate of her father, and also the share that she derived from purchasing the estate of Carlos.

S. N. DADA, for Infant.

R. H. TYLER, for Nelson.

THE SURROGATE.—It is insisted, on behalf of Ellen Eaton, that Nelson is not in a position to avoid the deed. That if Wellington, Nelson's grantor, was ever in a position to disaffirm the contract on the ground of the infancy of his brother,

that Ellen would have as much right to insist on the affirmance of the contract, as Wellington would to have the same avoided.

This case then fairly presents the question : What parties, besides the infant, may avoid a contract made during infancy ? If sympathy could ever be allowed to be a guiding motive in courts of equity or courts of law, the claims of the daughter Ellen, in this case, would have great weight in determining this controversy. But such emotions must be disregarded in judicial tribunals. General rules must not bend to meet individual cases of hardship.

There are very few adjudications bearing upon this question in this State.

LORD MANSFIELD, in the case of *Zouch* v. *Parsons* (3 *Burr.*, 1794), cites and approves the doctrine laid down by Perkins, in these words : " We think the law is, as laid down in Perkins, that all gifts, grants, or deeds, made by infants, by matter in deed, or in writing, which do take effect by delivery of his hand, are voidable by himself, by his heirs, and by those who have his estate."

The same doctrine is approved in the case of *Fonda* v. *Van Horne* (15 *Wend.*, 631), and in the cases there cited.

The doctrine which appears to control this case, is laid down in 2 *Hilliard on Real Property*, at page 431, viz. : That the deed of an infant may be avoided when he attains his age, and by those who are privy in blood, or estate, but not by a stranger. Nelson having the *estate*, has the right to disaffirm the contract. It may be said to have been disaffirmed also by Wellington Eaton, when he conveyed to Nelson.

Taking this view of the case, I must distribute one half of the proceeds to Ellen and the other half to Nelson.