No. 8741.

WELCH *v.* BUNCE ET AL.

INFANCY.—*Conveyance of Land.*—*Disaffirmance During Minority.*—Where an infant has conveyed his or her real estate, such infant can not disaffirm such conveyance solely on the ground of infancy, until he or she has arrived at the full and lawful age of twenty-one years. This rule of law is not changed or affected by the provisions of section 10 of the civil code of 1852, now in force as section 255, R. S. 1881.

SAME.—*Infant Plaintiff.*—*Next Friend.*—*Married Woman.*—*Suit for Separate Property.*—Under section 8 of the civil code of 1852 (section 254, R. S. 1881), where the action concerns her separate property, a married woman may sue as sole plaintiff, or her husband may be joined with her as her co-plaintiff. If she be an infant, and sue as sole plaintiff, under section 11 of the civil code of 1852 (section 256, R. S. 1881), a competent and

responsible person must consent in writing to appear as her next friend; but if her adult husband be joined as co-plaintiff with her, no next friend is necessary or can be required.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*A. Moore* and *L. P. Milligan,* for appellees.

Howk, J.—In this case the appellees, the plaintiffs below, sued the appellant as defendant, in a complaint of a single paragraph, of which the following is a copy:

"Comes now Nancy Bunce, by her next friend, Samuel Bunce, and Samuel Bunce, and complaining of the defendant says: That on the 22d day of January, 1878, she was the owner of the following real estate in Huntington county, Indiana, to wit: Commencing at a stone in the center of the west line of Reserve No. 51, township twenty-nine (29) north, range ten (10) east, running thence north forty-five degrees east, thirteen and fifty hundredths ($13\frac{50}{100}$) chains; thence south forty degrees east twenty-nine and $\frac{20}{100}$ chains, to the center of the road; thence south along the center of the road seventeen and forty-five hundredths ($17\frac{45}{100}$) chains, to the south corner of said reserve; thence north forty-five degrees west forty and $\frac{14}{100}$ chains, to the place of beginning, containing forty-six and eighty one-hundredths acres of land, which was her sole and separate estate, having been inherited by her from her deceased father, Andrew Branstrator; that on said day plaintiff and her husband Samuel Bunce, joining with her, made a conveyance of said real estate to defendant, and delivered said deed to said grantee; that at the time of executing said conveyance this plaintiff was a minor, under the age of twenty-one years, and is yet; that on the 25th day of October, 1879, she repudiated and disaffirmed said conveyance; that said conveyance was duly recorded in deed record book 41, page 313, of the records of Huntington county, on the first day of May, 1879; that said Samuel Bunce is the husband of said Nancy Bunce; wherefore she asks that said

·deed be set aside, and the title to said land be quieted in her, :and for possession of the property in suit, to preserve the rents and profits, costs, and all proper relief."

To this complaint the appellant demurred upon the following grounds of objection : " 1. The complaint does not state ·facts sufficient to constitute a good cause of action ; and, 2. · 'Defect of parties plaintiffs ; Samuel Bunce is joined with his wife." This demurrer was overruled by the court, and to ·this ruling the appellant excepted and refused to plead further. Thereupon the court rendered judgment for the appellee .Nancy Bunce, as prayed for in the complaint.

In this court the appellant has assigned as errors the following decisions of the circuit court :

1. In overruling his demurrer to appellees' complaint ; and,

2. In overruling his motion to require the appellees to substitute a responsible next friend, or to remove Samuel Bunce .as such next friend, on the showing made by the appellant.

Under the first of these alleged errors the principal question presented for decision is this : Can an infant disaffirm his or her conveyance of real estate during infancy, or before he or she arrives at the full and lawful age of twenty-one years ? This action was commenced on the 3d day November, 1879 ; and it was alleged in the complaint then filed that the .appellee Nancy Bunce was then "a minor, under the age of ·twenty-one years," and that she had disaffirmed her conveyance of the real estate to the appellant, on the 25th day of ·October, 1879, preceding the commencement of this suit. It is clear, therefore, that the question above stated is fairly presented for decision by the demurrer to the complaint. We :are of the opinion that the question stated must be answered in the negative. It would seem to be settled by the decisions ·of this court, that an infant can not disaffirm or avoid his or her conveyance of real estate, simply on the ground of infancy, which is the only ground relied upon in the case at bar, until his or her arrival at majority. *Chapman* v. *Chapman,* 13 Ind. .396 ; *Miles* v. *Lingerman,* 24 Ind. 385 ; *Law* v. *Long,* 41 Ind. 586.

Welch *v*. Bunce *et al.*

The appellees' counsel, as we understand their argument, concede that the rule of law, on the subject under consideration, formerly was as we have stated it. But counsel claim that this rule was changed by the provisions of section 10 of the civil code of 1852, and that this section has been overlooked by this court in its more recent decisions on the subject of the rule. This section 10 provides as follows: " When an infant shall have a right of action, such infant shall be entitled to maintain suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age." 2 R. S. 1876, p. 37 ; section 12, Civil Code of 1881; section 255, R. S. 1881.

We are of the opinion, however, that the section quoted has no application to the question under consideration, and, therefore, makes no change in the rule of law in relation thereto. An infant has no right of action as to lands conveyed away by him or her, simply on the ground of infancy, until such conveyance has been disaffirmed or avoided. An infant's conveyance of real estate is not void, but is merely voidable ; and it can not be avoided or disaffirmed, simply on the score of infancy, until the infant has arrived at majority. It seems to us, therefore, that the facts stated in the complaint, in the case now before us, showed clearly that the appellee Nancy Bunce had no right or cause of action against the appellant, at the commencement of this suit, and that the demurrer to the complaint, for the want of sufficient facts, ought to have been sustained.

Some other points, of minor importance, are noticed, rather than discussed, by the appellant's counsel. We deem it unnecessary for us to consider or decide these points, as the judgment must be reversed for the reasons already given.

The judgment is reversed, with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

PETITION FOR THE DECISION OF A POINT NOT DECIDED.

HOWK, J.—In this case, appellant has filed a petition, wherein he asks this court to consider and decide the question presented by the second alleged error. The question is this : Did the trial court err in overruling the appellant's motion to require the appellees to substitute a responsible next friend, or to remove Samuel Bunce as such next friend, on the showing made by the appellant?

We will briefly consider and decide this question. We may properly premise, however, that we did not overlook this question in our former consideration of this cause; but it was one of minor importance, as it seemed to us, and clearly settled by the provisions of the civil code. It will be seen from the complaint set out in the original opinion, that the suit was brought by a married woman to set aside a conveyance of her real estate, executed by her during her infancy, and to quiet her title to such real estate. When she commenced this suit she was still an infant. Under section 8 of the civil code of 1852, then in force, she might have sued alone, or she might, as she did, join her husband with her as her co-plaintiff in the action. If she had sued as a *sole* plaintiff, she would as an infant, under section 11 of the civil code of 1852, have been required to bring her suit with the written consent of a competent and responsible person, appearing as her next friend. But where, as in this case, the infant is not the *sole* plaintiff, but has joined with her, as she lawfully might, her adult husband as her co-plaintiff in the suit, we know of no law or rule of practice which would require such infant plaintiff to appear in such suit by her next friend.

It follows, therefore, that in this case the court committed no available error in overruling the appellant's motion to require the appellees to substitute a responsible next friend, on the showing made by the appellant.