TOMCZEK v. WIESER et al.

(Supreme Court, Trial Term, Erie County. February 19, 1908.)

INFANTS—DISAFFIRMING DEED—EJECTMENT.

For one to maintain ejectment for land deeded by him while an infant, he must disaffirm the deed before, and otherwise than by bringing, the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Infants, §§ 50–63.]

Action by Stanislaus Tomczek against Ida M. Wieser and another. Plaintiff moves for a new trial on the minutes of the court. Denied.

F. F. Williams, for the motion.
Lincoln A. Groat, opposed.

WHEELER, J.  The action is one of ejectment, in which the plaintiff seeks to recover the possession of certain real estate deeded away by him during his minority.  Upon the trial it appeared the plaintiff made no re-entry of the premises conveyed by him, gave no notice of his election to rescind his deed, and took no other affirmative action to repudiate the conveyance, before bringing this action of ejectment. The trial court granted the motion for a nonsuit upon the ground that before an action of ejectment could be maintained the plaintiff was required after becoming of age to disaffirm his deed of bargain and sale by either executing another deed to a third person, or by actual entry on the land for the purpose of .disaffirming the deed, or by doing some other act clearly demonstrating his intent to avoid his deed.  The plaintiff contends this ruling was error, and that the bringing of the action was in and of itself a sufficient disaffirmance of the transaction.

The court is aware that the decisions of the courts of the various states are conflicting upon this proposition.  See 22 Cyc. p. 555.  In this state, however, the rule seems well established that some previous act of disaffirmance is necessary to authorize the bringing of a suit for the possession of land.  Bool v. Mix, 17 Wend. 119, 31 Am. Dec. 285; Voorhies v. Voorhies, 24 Barb. 150; Dominick v. Michael, 4 Sandf. 418.  It also seems to be the rule recognized in Welch v. Bunce, 83 Ind. 382; Scranton v. Stewart, 52 Ind. 68; Law v. Long, 41 Ind. 586; Sims v. Snyder, 86 Ind. 602; Sims v. Bardoner, 86 Ind. 87, 44 Am. Rep. 263.  The theory of the rule is simple and logical.  The deeds of infants are not void, but voidable only.  The deed of a minor, operates on the estate, and passes title to the grantee.  Until avoided the grantee is seised, and has the right to enjoy and possess the land until the deed has been avoided.  It follows that a grantee is not divested of his title or right of possession until his grantor has exercised his right to rescind and avoid his deed.  Therefore it is held that the right to bring ejectment is not complete until the grantor has by some affirmative act on his part avoided the deed and reinvested himself with the legal title.  As has been said, it is the disaffirmance which avoids the deed of an infant, and not the bringing of the action to recover the land.  Actions, therefore, brought before disaffirmance, are premature.

We must therefore conclude upon the authorities cited, that the trial court did not err in granting the nonsuit, and the motion for a new trial must be denied.