In the Matter of Proceedings Supplementary to Execution under a Judgment in Favor of SOLOMON GERSHMAN, Plaintiff, *v.* MAX BERLINER, Defendant.

ANNIE BERLINER, Appellant; STEWART MAURICE, as Receiver, Respondent.

First Department, October 30, 1925.

Executions — supplementary proceedings — motion by beneficiary in insurance policy on debtor's life to compel receiver in supplementary proceedings to return policy to beneficiary — prior determination that receiver is not entitled to cash surrender value — receiver has no title — policy returned to beneficiary.

The receiver in supplementary proceedings in this action did not have title to a policy of insurance on the life of the judgment debtor in favor of a third person as beneficiary, since it has been decided that he is not entitled to the cash surrender value thereof, and a motion by the beneficiary to compel him to return the policy to her should have been granted.

APPEAL by Annie Berliner from a determination of the Appellate Term of the Supreme Court, First Department, made on the 9th day of April, 1925, affirming an order of the City Court of the City of New York denying petitioner's motion for a direction to its receiver, appointed in the above-entitled supplementary proceedings, to return to the petitioner a policy of life insurance of which she is the beneficiary.

*William J. Moran*, for the appellant.

*Milton Hart* [*Joseph S. Gershman* of counsel], for the respondent.

McAvoy, J.:

A receiver was appointed in 1922 in supplementary proceedings of the property of Max Berliner, a judgment debtor. The judgment recovered was for $126.22. The property that the receiver seeks to hold is the cash surrender value under a policy of life insurance of $1,000 in which Annie Berliner is the beneficiary. The cash surrender value under the policy is $231.81.

The receiver made a motion in this proceeding to direct the insurance company to pay to him this cash surrender value in so far as it was necessary to pay the judgment with costs and expenses. This motion was opposed and thereafter abandoned, after a decision by the Appellate Term of the Supreme Court to the effect that an insurance company will not be required by order to pay over to a receiver in supplementary proceedings the cash surrender value of an insurance policy on the life of a judgment debtor. (*Matter of Ecker v. Myer*, 119 Misc. 375.) Thereafter the receiver brought an action

in the Supreme Court against the insurance company, the judgment debtor, and his wife, alleging that he had physical possession of the property; that he had tendered it to the company and demanded the cash surrender value, which demand had been refused, and he asked for a decree requiring that the cash surrender value be paid to him as receiver. On a motion for judgment on the pleadings the Special Term ruled that such a judgment could not be had and found for the defendants. (See *Maurice* v. *Travelers Ins. Co.*, 121 Misc. 427.) The defendants requested a direction on the judgment then entered that the policy itself which had been delivered to the receiver be returned to them. The court at Special Term refused to make this direction for want of power, and asserted in a memorandum that such question had not been considered as to whether or not the defendant, the petitioner here, is entitled to a return of the policy. After the judgment dismissing the receiver's complaint had been had, a new application to the court which appointed the receiver was made for a return of the policy to the beneficiary. This motion was denied by the City Court. The Appellate Term affirmed this order. The question of the right to a return of a policy acquired by a receiver in supplementary proceedings under the facts recited is new, but the principles upon which a receiver's title to property arises would seem to indicate that he has no present title to any property in the policy on the life of a judgment debtor, where there is a third party beneficiary, even with a right in the policyholder to change such beneficiary.

The Court of Appeals has lately held in *Hanna* v. *Stedman* (230 N. Y. 326) and in *Schoenholz* v. *N. Y. Life Ins. Co.* (234 id. 24) that the policy itself is not property when merely in the possession of one not entitled to enforce it. The provisions of the contract itself, it is pointed out, do not make it such property as would give it the character of a *res* upon which a foreclosure of the rights of the possessor could be had against the rights of an absent beneficiary. The decision in the action between these parties in the Supreme Court action in which the complaint was dismissed and judgment against the receiver given finds necessarily that there was no present property right of interest therein held by the receiver. He has no right under that judgment's rule to its present cash surrender value which is its only provision capable of producing property. The petitioner, however, may assign, borrow or consent to a change of beneficiary if she have possession of the policy, and since the sole interest in the nature of property is in the petitioner and none being possible of assertion at the present time in the receiver, as found by the judgment herein referred to which was

not appealed from, it would seem proper that the evidence of a tangible right should be in the hands of the person capable of effectually exercising it rather than to continue the possession in the receiver because of the possibility of the wife's predeceasing the policyholder and his transfer to himself of the beneficial ownership.

We think, therefore, that the determination of the Appellate Term and the order of the City Court should be reversed and an order made granting the petitioner's motion directing the receiver to return the policy to the beneficiary, with ten dollars costs and disbursements to the appellant in this court and in the Appellate Term.

Clarke, P. J., Dowling, Finch and Burr, JJ., concur.

Determination reversed, with ten dollars costs and disbursements to appellant in this court and in the Appellate Term, and motion granted.