In the Matter of the Claim of WALTER RAHMAN, Respondent, against UNION BETHEL, Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1932.

*Simpson, Thacher & Bartlett* [*Richard Jones* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General, Roy Wiedersum* and *Isaac Frank* of counsel], for the respondents.

PER CURIAM. This is an appeal from awards by the State Industrial Board against an employer, who was less than twenty-one years of age at the time of the accident to his employee. After the accident and after reaching his majority, this employer sought to disaffirm his contract of employment on the ground of infancy and now appeals from an award against him on the ground that the Legislature did not intend that an infant's contract of employment should be sufficient to form the basis of application of the Workmen's Compensation Law.

The contract of an infant is voidable rather than void. It is valid until actively disaffirmed. (*Avery* v. *Fisher*, 28 Hun, 508; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Tomczek* v. *Wieser*, 58 Misc. 46.) The obligations of the Workmen's Compensation Law are created by command of the statute. They arise out of the status of employer and employee. (*Cudahy Co.* v. *Parramore*, 263 U. S. 418; *Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394.) The statute applies automatically if there is a valid contract of employment. The infant may disaffirm his contract as employer but he cannot avoid this statutory liability as to compensation where the accident has happened prior to a valid disaffirmance. Such an exemption from the command of the statute is not revealed in the statute itself, where, in view of the legislative power over this subject-matter, we should be required to find it.

There is, however, another question in the case. Bethel, the infant employer, was associated with an adult named Kay in a

partnership or joint venture in the business of carrying passengers for hire in a commercial plane at a flying field in this State. Both joined in the purchase of the plane by contributing to its purchase price and the infant was a party to the venture and acquiesced in all that was done by his adult associate in the purchase of the plane and the hiring of a pilot. The infant was to share the profits. The pilot had an accident resulting in total and permanent disability. Various awards have been made. The first and second awards, aggregating $3,404.17, were made against both Kay and Bethel, as uninsured employers. The second award covered a period ending May 27, 1930. As of July 7, 1930, the State Industrial Board approved a compromise settlement of the liability of Kay by his payment of $3,000 to claimant, such settlement to be in full of Kay's liability for compensation. The Board held that the liability of Bethel " is not to be affected by this settlement and the award as against him is to remain in full force and effect." Two later awards were made against Bethel alone, amounting in the aggregate to $650, and the case was continued against him. Thus there have been awards against Bethel aggregating $4,054.17. There can be no doubt that the Board had power to approve a compromise as to Kay (Workmen's Comp. Law, § 26, as amd. by Laws of 1926, chap. 256) and continue liability against Bethel, by expressly reserving the right to proceed against Bethel. (*Whittemore* v. *Judd Linseed & Sperm Oil Co.*, 124 N. Y. 565; Civ. Prac. Act, § 531; Debtor and Creditor Law, § 233, added by Laws of 1928, chap. 833.) The claim of appellant Bethel is, however, that he should have the $3,000 payment by Kay credited upon the awards made jointly against Kay and Bethel or on all subsequent awards against Bethel until that amount has been credited. Notwithstanding the $3,000 payment, the Board has made awards against Bethel for the full amount of $4,054.17 and has referred the case to the Attorney-General to enforce collection. This full amount represents, at maximum rate, every dollar that claimant is entitled to receive up to the date of the last award and yet $3,000 has been paid. We think the Board has no power, in the exercise of its authority to compromise under section 26, to grant a larger award to a claimant than he was otherwise entitled to receive under the statute and place that extra burden upon one who was not a party to the compromise agreement. The compromise related to the " enforcement of payment in default." (Workmen's Comp. Law, § 26.) The only payment in default was $3,404.17. Kay was compromising awards in that amount outstanding against himself and Bethel jointly at the time. If paid by Kay to the extent of $3,000, the Board should not be permitted to prosecute such awards against Bethel except as to the balance

of $404.17, plus subsequent awards. The two subsequent awards against Bethel would bring his total liability up to $1,054.17.

The awards against Bethel should be reversed, with costs against the State Industrial Board, and remitted with directions to apply the $3,000 credit to the awards against Kay and Bethel jointly and to modify the awards against Bethel accordingly.

All concur; McNamee, J., not voting.

Awards against Bethel reversed, with costs against the State Industrial Board to abide the event, and matter remitted, with directions to apply the $3,000 credit to the awards against Kay and Bethel jointly and to modify the awards against Bethel accordingly.