ISIDORE SILVERMAN, as Receiver of MORRIS LEVY, Respondent, *v.* MORRIS LEVY et al., Appellants, et al., Defendants.

SHIENTAG, J. (dissenting). The question presented in this case is whether plaintiff, as receiver in supplementary proceedings of defendant Morris Levy, is entitled to the proceeds of a paid-up insurance policy as against the defendant Rachel Levy, its beneficiary.

Central Savings Bank became mortgagee on June 28, 1926, for a loan made to defendant Morris Levy. He defaulted in his payments and a deficiency judgment was taken against him by the bank on January 13, 1933. Proceedings supplementary to execution were begun by the mortgagee and plaintiff was appointed receiver on May 13, 1947, and was given leave to bring this action on June 20, 1947.

On September 12, 1919, defendant the Equitable Life Assurance Society of the United States issued a $25,000 twenty-payment life policy on the life of the judgment debtor who designated the defendant Rachel Levy as beneficiary. The right to change the beneficiary was reserved. On December 20, 1923, Levy changed the beneficiary to his estate. Numerous further changes of beneficiary were made during the history of this policy but on May 18, 1944, Rachel Levy, the original beneficiary, was again named and she is now the beneficiary though the right to change further is still reserved. In 1939 the policy was rewritten and is now a paid-up policy in the amount of $14,000. The net loan value of the policy as of February 3, 1947, was $7,228.67.

On these facts a question of law is presented whether under the existing or pre-existing statutes the interest of the beneficiary is protected against the personal creditors of Morris Levy.

In 1919 when this policy was written, the then section 52 of the Domestic Relations Law was in force. This provided as follows:

" Insurance of husband's life. A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts. The policy may provide that the insurance, if the married woman dies before it becomes due and without disposing of it, shall be paid to her husband or to his, her or their children, or to or for the use of one or more of those persons; and it may designate one or more trustees for a child or children to receive and manage such money until such child or children attain full age. The married woman may dispose of such policy by will or written acknowledged assignment to take effect on her death, if she dies thereafter leaving no descendants surviving. After the will or the assignment takes effect, the legatee or assignee takes such policy absolutely.

" A policy of insurance on the life of any person for the benefit of a married woman is also assignable and may be surrendered to the company issuing the same, by her, or her legal representative, with the written consent of the assured."

954

This section as above quoted was interpreted by various decisions as giving a wife who was named beneficiary, though there was a right to change the beneficiary, a vested interest in the policies at the moment of their delivery and treated the husband, even though he took the policy out without the knowledge of his wife, as the wife's agent (*Whitehead* v. *New York Ins. Co.*, 102 N. Y. 143; *Grems* v. *Traver*, 87 Misc. 644, affd. 164 App. Div. 968). In *Wagner* v. *Thieriot* (203 App. Div. 757) this court held that the proceeds of a policy protected by this section could not be reached by creditors except to the extent provided in section 52 of the Domestic Relations Law. The court reiterated the rule that, when a husband took out a policy on his life for the benefit of his wife, he is deemed to act as agent for his wife and she acquires a vested interest which may be defeated by her death or by change of beneficiary where the right to make a change is reserved. It was held that in the case of death of the husband the wife, if she is then the beneficiary named in the policy, is entitled to receive the insurance less all deductions such as loans provided for in the policy.

Section 52 received further construction in *Holmes* v. *John Hancock Mut. Life Ins. Co.* (288 N. Y. 106). There, it was held that a policy issued before the effective date of the present section 166 (formerly § 55-a) of the Insurance Law, March 31, 1927 (L. 1927, ch. 468), carries with it through the life of the policy the protection of section 52 of the Domestic Relations Law. This is so even though section 52 was impliedly repealed by the enactment of section 166. In that case, the insured had designated his wife as beneficiary in policies written in 1916, 1923 and 1925 and had also retained privilege of changing the beneficiary. The beneficiary was in fact changed after the insured's divorce from his former wife to his new wife in 1932. The court held that these changes did not operate to confer upon the creditors a right to the proceeds of a policy which they did not possess on March 31, 1927, the date of the enactment of section 166 of the Insurance Law, and awarded to the deceased's creditors the amount of insurance which the excess of premiums of $500 would purchase. The effect of these decisions, it seems to me, is that whatever protection section 52 gave to wife beneficiaries adheres to the policy written under its protection as long as the policy is in existence.

It was also held in construing section 52 that a receiver cannot compel the insured to change his beneficiary from the wife to his estate (*Maurice* v. *Travelers Ins. Co.*, 121 Misc. 427; *Matter of Gershman* v. *Berliner*, 214 App. Div. 196).

The policy of protecting beneficiaries expressed originally in section 52 of the Domestic Relations Law was extended on March 31, 1927, by passage of section 55-a, now section 166 of the Insurance Law. This section read as follows:

" § 55-a. Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured, if the beneficiary or assignee shall predecease such person; provided * * *."

Section 166 however cannot be availed of in this case because a mortgage debt incurred before March, 1927, gave immediate rights to mortgagees under section 52 which were not lost by the enactment of section 166. (*Matter of Jeroloman*, 6 F. Supp. 430, 431.) The statute could not be given a retroactive effect to the detriment of existing creditors (*Matter of Messinger*, 29 F. 2d 158, 161; *Holmes* v. *John Hancock Mut. Life Ins. Co.*, 288 N. Y. 106, 112, *supra*). Section 166 does nonetheless express a policy of protecting wife beneficiaries and so continues the policy declared in the old section 52 of the Domestic Relations Law.

The question narrows itself down to whether there is a hiatus in the law as to the protection of wife beneficiaries. Are we to say that the protection of section 52 is lost because in 1927 defendant Rachel Levy was not the existing beneficiary and that she equally loses the protection of section 166 because, as is argued, this policy was not reissued after the critical date of 1927? The policy of the law as expressed in the decisions under sections 52 and 166 is to give increased protection to beneficiaries and not less protection. It may be noted in passing that the present case is an ideal one to illustrate the wisdom of the purpose behind the statutes. The debtor has insufficient assets to satisfy the judgment, is an old man of eighty years, his wife also is an elderly lady, and the paid-up policy taken out thirty years ago is an old-age protection.

The accident that Rachel Levy was not the named beneficiary in 1927 should not be held to take from her the protection both of section 52 and of section 166 when she is redesignated the beneficiary in the policy.

The recent case of *Foley* v. *Equitable Life Assurance Society* (290 N. Y. 424) which discusses the rights of the plaintiff as receiver in supplementary proceedings of the judgment debtor has no application to this case since in that case the estate was the beneficiary of the policy and no question of the vested interests of a beneficiary was involved.

The only real distinction that can be made between the situation covered by the decision in *Holmes* v. *John Hancock Mut. Life Ins. Co.* (288 N. Y. 106, *supra*) and the present one is that in the present case the insured is still alive. But if the protection of section 52 attached to the policy in 1919 once and for all, then the renaming of the wife as beneficiary in 1944 should be held to revest her and to protect her from the loss of the principal of this paid-up policy so far as it is protected by the terms of the section, just as the naming of the second wife in 1932 in the *Holmes* case (*supra*), gave her a vested interest. The question of the continued survival of the insurer would seem to be immaterial.

The order and judgment should be reversed and the matter remitted to Trial Term for determination of any rights in the receiver under section 52 of the Domestic Relations Law.

Glennon, J. P., Dore and Callahan, JJ., concur in decision; Shientag, J., dissents in opinion in which Cohn, J., concurs.

Order and judgment affirmed, with costs. No opinion.